KELLY *v.* WILLIAM SHARP SADDLERY CO.

| 99  | 393 |
| 106 | 83 |

1. Where the issue tried in a claim case involved the validity of a deed from a husband to a wife, it was competent for the latter, as showing the *bona fides* of the transaction evidenced by the deed, to testify that she paid for the property conveyed by such deed with her own money; and this is true, whether such fact was or was not alleged in the claim affidavit.

2. Although it may have been shown that a case not on trial was "dependent by agreement of counsel upon the result of the issue" in a case which was on trial, this alone did not afford sufficient ground for allowing a party to the former case, who was not a party to the latter, to file an affidavit that a given deed was a forgery, and thus have a special issue as to its genuineness made up and tried.

3. If the person tendering such affidavit could in any event make and file the same as attorney for a party to the case on trial, the mere fact that he was such attorney would not render the affidavit allowable for the purpose stated, this fact not appearing in the affidavit, and it not purporting to have been made by the affiant as such attorney.

4. Where the subscribing witnesses to a deed were called to prove its execution, but because of failure of memory were unable to locate the time of its execution, it was, even before the passage of the act of December 16th, 1895 (Acts 1895, p. 30), competent for the alleged maker to testify that the deed was in fact made at the time it purported on its face to have been executed.

May 4, 1896. Argued at the last term.

Levy and claim.    Before Judge Kimsey.    Dawson superior court.    March term, 1895.

An execution issued from a judgment of October 7, 1893, was levied on land as the property of John Kelly, to which a claim was interposed by his wife Frances Kelly. There was a verdict finding the property subject, and the claimant's motion for a new trial was overruled.    In this motion each of the rulings hereafter stated is assigned as error.

The plaintiff proved possession in John Kelly when the levy was made.    The claimant moved to amend her affidavit by alleging, that she bought the property therein described and paid for it in property received from her fa-

ther's estate. On demurrer this was disallowed. She offered
to testify to the same effect, and the testimony was rejected.
She offered in evidence a deed from John Kelly to herself,
dated October 6, 1891, reciting a consideration of $360 in
hand paid, and purporting to convey the property in dis-
pute, with other lots of land. Thereupon an affidavit was
filed by the attorney at law of the plaintiff, that, to the
best of his knowledge and belief, the deed just mentioned
was a forgery. Claimant moved to strike the affidavit, be-
cause the maker of it was not the maker of the deed, nor his
heir at law, nor the opposite party to the case on trial.
The court allowed the affidavit to be filed, on the ground
that the maker of it was the plaintiff in a case against the
same defendant in *fi. fa.* and the same claimant, which was
dependent, by agreement of counsel, upon the result of the
issue in case at bar.

The land in question lies in Dawson county, and the
deed offered is headed, "Georgia, Dawson county." It
purports to have been executed in the presence of Mamie
Prather and E. J. Prather, N. P. & J. P. Upon it is
written a statement headed, "Georgia, Dawson county," and
signed by D. H. Carney, N. P. & J. P., viz.: "I . . . . .
do hereby certify that John Kelly has this day in my pres-
ence acknowledged the execution of and his signature to the
within deed. This November —, 1893." It bears an entry
of filing in the clerk's office on November 21, 1893.
Claimant introduced the testimony of E. J. Prather and
Mamie Prather. The latter did not remember anything
about the paper or the transaction in question. E. J.
Prather testified, that he witnessed, about two years pre-
viously (as nearly as he could recollect the time), a deed
from John Kelly to his wife to certain lands in Dawson
county. E. L. Darnell was present with Kelly, and pre-
sented the deed to witness (who then held the office of
notary public) at his store in Pickens county. He wit-
nessed no other deed from John Kelly. To all appearances

this one was executed in good faith and in the usual way. S. A. Darnell testified, that the persons whose names appear as witnesses to the deed lived at Jasper, Pickens county, at the date of the deed; and that E. J. Prather was acting as a notary public and *ex officio* justice of the peace. Witness thought he knew Prather's handwriting, and in his opinion Prather signed his name as a witness to the deed in dispute.

The following testimony was given by John Kelly, but was ruled out by the court: I signed that deed in the presence of the witnesses whose names appear to it, in Jasper on the day it bears date, and delivered it to the claimant on my return home the next day. It was written at my wife's home in Dawson county, by E. L. Darnell, on the day it bears date. I went to Jasper on other business, and found I had put the deed in among some other papers, and then I signed it up there. This is the only deed I ever made to my wife which was attested by E. J. Prather and Mamie Prather, and this deed now attached here is the deed they attested, and is the one they refer to in their evidence.

The court ruled that the claimant had failed to change the burden of the issue as to the execution of the deed, and repelled it, refusing to allow it to go in evidence on the question of forgery.

*G. K. Looper, R. P. Lattner* and *P. W. Vandiver,* for plaintiff in error. *W. F. Findley,* contra.

ATKINSON, Justice.

1. This was a claim case, and the issue involved was whether the property levied upon was the property of the wife or the property of the husband. She was the claimant. The husband was in possession. Upon the trial of the case, she proposed to testify that she bought the property levied upon and paid for it with property received from her father's estate. If what she proposed to testify were true, the property was hers, and could not be subject

to the payment of her husband's debt, and it is impossible for us to conceive upon what theory the testimony offered was rejected as irrelevant. It appears that subsequent to the time her husband entered into possession, but before the rendition of the judgment upon which the execution issued, the husband conveyed the property to her. Upon the *bona fides* of this transaction, this testimony had a direct bearing, and should have been admitted in support of her claim of title, whether in her claim affidavit she relied upon this as the source of her right or not. Her claim affidavit alleged that the property was hers, and not that of her husband. The evidence went directly to the support of her contention, and should have been admitted.

2. The affidavit which is authorized to be filed under section 2712 of the code, in order to form an issue upon the genuineness of a registered deed, must be made either by the alleged maker of the deed, one of his heirs, or the opposite party in the case. Upon the trial of the present case the claimant offered in evidence a deed purporting to have been made by John Kelly, defendant in *fi. fa.*, to herself, dated October 6, 1891, reciting a consideration of $360, and purporting to convey, amongst other lots, the property in dispute; whereupon the attorney at law of the plaintiff filed an affidavit of forgery. It appears that the attorney of the plaintiff in the case on trial was the plaintiff in another case against the same defendant and the same claimant, which, by agreement of counsel, was made dependent upon the result of the issue in the case on trial. The claimant objected to the filing of the affidavit, and moved to strike it upon the ground, that the person who made the affidavit was neither the maker of the deed, nor the heir at law, nor the opposite party in the case on trial. This motion the court overruled. The words of the statute are plain, and do not require either interpretation or construction. They need only to be applied to the subject. The maker of this affidavit did not fall within either of the

classes of persons authorized to make it, and therefore the court should have disallowed it. The mere fact that he was plaintiff in another case involving substantially the same issues and depending for its determination upon the result in this case, did not make him the opposite party to the case on trial so as to bring him within the terms of the statute. The object of the law in requiring the affidavit to be filed by one of the particular persons named is to commit the conscience of some person directly interested in the result of the trial against the genuineness of the deed. . It being registered, the presumptions are all in favor of its due execution; and it would be manifestly improper to allow its genuineness to be called in question by a collateral proceeding authorized under the section of the code above cited, upon the affidavit of a person who was a stranger to the title, and likewise a stranger in interest.

3. Even if it were competent for the attorney of the plaintiff to file this affidavit, it was insufficient in the present case, for the reason that the affidavit itself does not state that the affiant purported to make the same in his capacity as attorney at law representing the adverse party. In no event, therefore, ought the court to have allowed the affidavit to have been filed.

4. The court erred in excluding the testimony of the maker of the deed, when he was offered to testify to the fact of its execution. Even prior to the passage of the act approved December 16, 1895 (Acts 1895, p. 30), the fate of the deed was not made dependent upon the memory of the subscribing witnesses; for while under section 3837 of the code the subscribing witnesses were required to be produced, if accessible, section 3838 of the code provides that, "if the witness is not produced, or, being produced, cannot recollect the transaction, the court may hear any other evidence to prove its execution." In the present case, the subscribing witnesses were produced. One of them had no recollection of the transaction; the other could

swear to the fact of execution only inferentially. Under that state of facts, the maker of the deed, being a competent witness, was entitled to be heard upon the question of its execution. For a full discussion of the question now under consideration, see the case of *Gillis* v. *Gillis*, 96 *Ga.* 1. The court erred in excluding the testimony offered through the maker of the deed, and a new trial should have been granted.                    *Judgment reversed.*