## STANDBACK v. THORNTON.

1. While a mortgagee can not himself become the purchaser at a sale of the mortgaged property had under the execution of a power contained in the instrument, unless the mortgage expressly authorizes him to do so, a purchase by him at a sale made fairly and without fraud is not void, but only voidable at the election of the mortgagor to redeem at any time before final judgment of eviction.
2. When the subscribing witnesses to an instrument in writing are dead, or inaccessible, proof of the actual signing by the alleged maker is primary evidence of the fact of execution. In such cases it is not necessary that the proof shall be made by the maker himself, nor that the maker be accounted for, before testimony or other witnesses who know the facts shall be admitted.

Argued October 20, — Decided November 26, 1898.

Complaint for land. Before Judge Butt. Talbot superior court. March term, 1898.

*Persons, McGehee & Persons,* for plaintiff in error.
*J. J. Bull* and *A. J. Perryman,* contra.

COBB, J. S. W. Thornton brought an action against Tom Standback for the recovery of eighty acres of land. Madison Standback was, upon his own motion, made a party defendant, and claimed title to an undivided one-half interest in the land in dispute. At the trial the plaintiff introduced in evidence a mortgage from Tom Standback to S. W. Thornton & Son, covering the land in dispute, dated February 15, 1896. The mortgage gave authority to the mortgagees, upon default in payment, to sell the land at public outcry, after advertising the same for four weeks in a newspaper, the proceeds to be applied first to the payment of the mortgage debt and costs, and the remainder, if any, to be paid to Tom Standback. Plaintiff then introduced a deed from S. W. Thornton & Son, dated February 13, 1897, conveying the land to Mahone in consideration of $25, and also a deed from Mahone to plaintiff, dated February 13, 1897, conveying the land upon a consideration of $30. He also introduced newspapers showing advertisement in pursuance of the power of sale contained in the mortgage. The plaintiff testified that he was a member of the firm of S. W. Thornton & Son, and that Mahone clerked in their store and

6

attended the sale and purchased the land as the agent of witness. Defendant moved a nonsuit, on the ground that, Thornton having purchased the land at a sale had by the firm of which he was a member, and there being no authority in the mortgage for him to become a bidder and purchaser, the sale was void. This motion was overruled, and the defendant excepted. Madison Standback testified, that he and Tom Standback had been in possession of the land in dispute since the execution of a certain bond for titles to the land. This bond was from one McCord to Madison and Tom Standback, and was dated February 18, 1869, and attested by Terrell Barksdale and Wm. E. Harvey. The purchase-money was paid half and half by the defendants. Tom Standback had been keeping witness's part of the land as his tenant for sixteen years, witness living in another county. Tom Standback is his brother, and had agreed to pay rent, but had never done so. The amount of the rent was not agreed on, nor when it was to be paid. Barksdale, one of the witnesses to the bond for titles, was dead, and Harvey, the other witness, was somewhere in Texas. Witness did not know what had become of McCord, the obligor in the bond. Witness had not told any one that Tom Standback was his tenant and witness had not returned the land for taxes. The defendant then offered in evidence the bond for titles referred to, and the plaintiff objected, on the ground that there had been no proof of execution. The defendant then introduced Tom Standback as a witness, and offered to prove by him that he saw McCord sign the bond for titles. The court ruled that the witness could not testify to the execution of the bond by McCord, and to this ruling the defendant excepted. A verdict was rendered for the plaintiff, and judgment was entered in accordance with the same.

1. There was no error in overruling the motion for a nonsuit. While the general rule is that no trustee can purchase trust property at his own sale, and therefore a mortgagee can not purchase property at a sale which is held under an execution of the power authorizing such sale, unless the mortgage expressly authorizes him to become a bidder and purchaser at the sale, still an unauthorized purchase by the mortgagee will not

render the sale void, but only voidable at the instance of the mortgagor, who has a right to elect to set aside the sale, provided he offer to redeem at the time that he so elect. If the sale has been made fairly and without fraud, it will pass title to the mortgagee as purchaser, unless the mortgagor offer to redeem by paying the debt secured by the mortgage, before judgment of eviction is rendered against him. *Palmer* v. *Young*, 96 *Ga*. 246; *Mutual Loan Co*. v. *Haas*, 100 *Ga*. 111. The defendant not having offered to redeem the property before suit was filed, and not offering to do so in his pleadings or in his motion for a nonsuit, there was no error in refusing a nonsuit on the ground upon which the motion was predicated.

2. We think the court erred in not allowing the witness Tom Standback to testify that he saw McCord sign the bond for titles. The witnesses to the bond were accounted for; one was dead and the other inaccessible. In such cases any competent evidence going to show that the paper was actually executed is sufficient. The rule applicable to such cases is stated in section 5245 of the Civil Code, which is as follows: "Whenever the subscribing witnesses to an instrument in writing are dead, insane, incompetent, or inaccessible, or, being produced, do not recollect the transaction, then proof of the actual signing by, or of the handwriting of, the alleged maker shall be received as primary evidence of the fact of execution; and if such evidence be not attainable, the court may admit evidence of the handwriting of the subscribing witnesses, or other secondary evidence, to establish such fact of execution." See also *McVicker* v. *Conkle*, 96 *Ga*. 584; *Kelly* v. *Wm. Sharp Co*., 99 *Ga*. 393; *Buchanan* v. *Simpson Grocery Co*., 105 *Ga*. While it is true that since the act of 1895, now embraced in section 5244 of the Civil Code, proof by subscribing witnesses may be dispensed with if the party executing the written instrument testifies to its execution, still it is not necessary, where the witnesses are dead or inaccessible, that the party executing the instrument shall be called as a witness, or that his absence be accounted for, before other proof of actual execution by him or of his handwriting is admissible.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*