12194.  BLAKELY MULE COMPANY *v.* LEWIS *et al.*

1. The charge upon the contentions of the plaintiff, as set out in the 4th ground of the motion for a new trial, was not error.
2. In charging the jury as to a purchase by the plaintiff at its own sale of the defendants' mules for the account of the defendants, the court erred in stating that such a sale would be " void." A sale of the kind in question would be merely voidable.
3. The excerpts from the charge as to the amount and form of the verdict, which are complained of in the 6th and 7th grounds of the motion for a new trial, are erroneous, but, in view of the verdict rendered, are harmless.

DECIDED OCTOBER 6, 1921.

Complaint; from city court of Miller county — Judge Geer. January 10, 1921.

J. W. McMullin and C. M. Lewis executed to Blakely Mule Company three promissory notes. After certain payments had been made in cash on one of the notes the company gave notice of intent to sue upon the notes and for attorney's fees provided for therein, and suit was accordingly brought. By amendment all reference to one of the notes was stricken from the petition; and the petition was further amended " by adding an additional paragraph, immediately following paragraph 6, to be known as paragraph 7 as follows: ' that a credit on the indebtedness evidenced by the two above-described notes of $275.00 is hereby admitted, the same being of date January 1st, 1915, the said credit arising from the sale by plaintiff of four mules for the account of the defendants, said sale being at auction to the highest bidder and being had by direction of said defendants.' " Separate pleas were filed, in each of which the defendants admitted that they signed the notes sued on and that the plaintiff was the holder and owner thereof, but denied that the sale of the mules at auction was made by their consent as stated in the amendment to the petition, and alleged that the mules were sold without notice to them, and were bid in by the plaintiff for $275, and that at the time of the sale the mules were " reasonably worth on the market $590.00, and that defendant is entitled to a credit of $590.00 on said notes for said four mules which he returned." A verdict was rendered against both defendants for $132.90 as principal, $56.60 as interest, and $13.20 as attorney's fees. The plaintiff made a motion for a new trial, which was overruled, and it excepted.

*W. G. Park,* for plaintiff. *N. L. Stapleton,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.)

Only the ruling stated in the 2d headnote will be' discussed. The charge there referred to was as follows: " On the other hand, I charge you this: If you believe from the testimony in the case that Lewis and McMullen and the Blakely Mule Company, who are the plaintiffs in this case, executed this paper, and that there was a sale made under it, and that the Blakely ·Mule Company purchased at that sale the property referred ˙to in that paper, that that sale would be void. I charge you further, that even though you believe that Lewis and McMullen signed that paper, and it should develop on the trial of this case, from the .testimony, that under that paper the mules were sold that are referred to therein, and that the Blakely Mule Company purchased these mules, that the sale would be void." This charge was error and requires the grant of a new trial. Such a sale would not be void, but voidable only. In *Paylon* v. *McPhaul,* 128 *Ga.* 511 (4) (58 S. E. 50, 11 Ann. Cas. 163), it was held that " The general rule is that the mortgagee can not be a purchaser at his own sale under the power in the mortgage, but a purchase by him is not absolutely void, but voidable only, at the instance of the mortgagor or the owner of the equity of redemption." In *Standback* v. *Thornton,* 106 *Ga.* 81 (31 S. E. 805), Justice Cobb said (p. 82) : " While the general rule is that no' trustee can purchase trust property at his own sale, and therefore a mortgagee can not purchase property at a sale which is held under an execution of the power authorizing such sale, unless the mortgage expressly authorizes him to become a bidder and purchaser at the sale, still an unauthorized purchase by the mortgagee will not render the sale void, but only voidable at the instance of .the mortgagor, who has a right to elect to set aside the sale, provided he offer to redeem at the time that he ·so elect." See also *Palmer* v. *Young,* 96 *Ga.* 246 (2) (22 S. E. 928, 51 Am. St. R. 136). It does not appear that· prior to the filing of the suit in this case, or in their pleadings, the defendants offered to redeem the property.

Under the facts and the pleadings in this case the general rule above referred to is applicable. The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*