CHARLES L. MATTHEWS *et al.*, plaintiffs in error, *vs.* CATHARINE CASTLEBERRY, administratrix, defendant in error.

Ejectment. Evidence. Presumptions. Before Judge HARRELL. Clay Superior Court. March Term, 1871.

This was ejectment upon the demises of Stephen Dozier and Charles L. Matthews, against William Castleberry, tenant in possession, represented by his administrator, filed on the 22d of March, 1858. The pleas were the general issue and possession under color of title for seven years. The plaintiff claimed by a grant from the State to Thomas Gill, and deeds from Gill to said Dozier, and from Dozier to said Matthews. The deeds were duly recorded, and the last mentioned was made in 1857. Introducing these deeds, plaintiff closed.

Defendant relied upon a deed from Gill to Starkey Col-

lins, made after the grant to Gill, to-wit: on the 15th of January, 1840, witnessed by P. H. Edwards and John Collock, probated in usual form by Edwards, before one Martin, a Justice of the Peace, and duly recorded on the 21st of September, 1840; and on a deed from Eli. H. Baxter to said Castleberry, in fee, made the 2d of December, 1850, and recorded in 1857.

Matthews made affidavit that said deed from Gill to Collins was a forgery, and the Court ordered an issue, as to its genuineness, to be tried by the jury under section 2670, of the Revised Code of this State. On this trial, two witnesses testified that they knew Martin, the Justice, and P. H. Edwards, and "did not believe that either of them now reside in Georgia, but believed they were dead." One said he had seen Martin write and thought his signature to said probate was genuine. The other said, from having frequently seen Martin and Edwards write, he was inclined to think their said signatures were genuine, but he could not state positively. They also testified that Edwards moved to Alabama in 1841 or 1842; that when last they heard of Pollock he moved in 1842 or 1843, as they understood, to Lowndes county, Georgia; they never knew the maker of the deed; knew that Martin had moved, but did not know whether any of said parties now reside in Georgia.

The plaintiff objected to the witnesses' opinion, that the subscribing witnesses were dead, and to the admission of the deed upon proof of the hand-writing of Edwards, it not being affirmatively shown that the other witness to said attacked deed was not in this State. These objections were overruled. The Court was requested to charge that proof of the hand-writing of a subscribing witness is not sufficient proof of the genuineness of the deed in this issue; it is not sufficient, in this issue, to show the hand-writing of the witnesses, but there must be proof of the identity of the maker of the deed. The Court refused so to charge. He did charge, that if the subscribing witnesses are dead or out of the jurisdiction, it is not

proper to prove the signature of the maker, those of the witnesses must be proved, and if these witnesses be dead or out of the jurisdiction, and their hand-writing be proved, the identity of the maker has nothing to do with the genuineness of the deed. He further charged, that the opinion of witnesses that the subscribing witnesses are dead, is good evidence, when taken with the reasons for their opinions. And further, that unless the proof shows that both of the subscribing witnesses are dead or out of the State, the opinion of a witness as to the hand-writing of one of them, is insufficient to show the genuineness of the deed; and if Pollock is proven to have moved to Lowndes county, Georgia, and there is no information of him since, the presumption of law is that he still lives in that county. The jury found the deed genuine.

Defendant put the deed in evidence, proved possession from the winter of 1850, by cutting timber, cultivating fields, etc., till 1856, then putting say, $6000,00 worth of improvements on it, and thence till his death in 1863, living on it with his family. There was other evidence to break the force of defendant's evidence, but the jury found for the defendant. Plaintiff's counsel moved for a new trial upon the grounds that the Court erred in overruling said objections to the evidence; in refusing to charge as requested; in charging as he did, except as to the last sentence of the charge, and because the verdict of genuineness was contrary to the evidence and to the last sentence of the charge of the Court, and the verdict was contrary to law and the evidence. The Court refused a new trial, and error is assigned on each of said grounds.

A. HOOD; JOHN T. CLARK, for plaintiff in error, unsupported opinions not admissible: 1 Gr. Ev., sec. 440, note 1; Starkie on Ev., 150, 151. All witnesses must be dead or out of jurisdiction before proof of signature of one establishes deed: 1 Gr. Ev., sec. 574; Starkie on Ev., 472, and note 1. On this issue there should be evidence of identity

of maker: 1 Gr. Ev., sec. 575; 2 Starkie R., 240; 2 Eng. C. L., 393. One witness was presumptively in Georgia: 2 Gr. Ev., secs. 277, 278, 18; John, 141. Mere age of deed without proof of possession under it does not dispense with proof of execution: Revised Code, sec. 2658; 9 John 170; 3d, 297; 4 Denio, 212, 115.

E. L. DOUGLASS, H. FIELDER, for defendant.

LOCHRANE, Chief Justice.

This was an action of ejectment for a lot of land, number three hundred and fifty-eight, in the 7th district of Clay county. At the trial the plaintiff filed an issue of forgery, under section 2670 of the Code of this State, which issue, as required by law, was made up and tried as to the genuineness of the alleged deed. The conveyance, whose genuineness was assailed by the affidavit of defendant, was executed January 15th, 1840, and recorded September 21st of the same year, and was therefore over thirty years of age at the time of the trial.

In the view which we take of this case it will be unnecessary to discuss the various questions arising upon the exceptions and errors assigned to the ruling of the Court below upon the trial of this issue, differing as we do with the view taken by the Court in relation to the construction of the Acts upon which the law relative to the ancient documents were held by him to change the *onus* of proof upon the filing of such affidavit. In our opinion, taking the sections of the Code together, an instrument of conveyance over thirty years old cannot be brought in question, as to its execution, if otherwise the provision of section 2658 are complied with, by filing an affidavit under section 2670 so as to change the *onus* of proof. Section 2658 is in these words: " A deed more than thirty years old, having the appearance of genuineness on inspection, and coming from the proper custody, *if possession has been consistent therewith,* is admissible

in evidence without proof of execution." And section 3784 says: "The subscribing witness must be produced in all cases except the following: 1*st. Ancient writings which prove themselves.*" It is not pretended in this case that there is anything suspicious arising from the inspection of the instrument, and it is equally true that it comes from the proper custody, and that the party claiming under it has been in possession of the premises since his purchase. And the question therefore arises, whether it was such an instrument accompanied with such presumptive evidence as proved itself, or permitted it to go in evidence without proof of its execution. In Arch. Pleadings and Evidence, 420, it is declared, a deed thirty years old proved itself. In Greenleaf on Evidence, 1st volume, section 21, it is laid down, " the same principle applies to the proof of the execution of ancient deeds and wills, where these instruments are more than thirty years old, and are unblemished by any alterations, they are said to prove themselves; the bare production thereof is sufficient, the subscribing witnesses being *presumed* to be dead. This presumption, so far as this rule of evidence is concerned, is not affected by proof that the witnesses are living," quoting a host of authorities to sustain the proposition. And the same principle is stated in section 570, same author, and is stated as one of the exceptions in which the subscribing witnesses are not required to be produced. The same doctrine is announced in several cases taken from the English Common Law Reports, the principle being that, " documents more than thirty years old, *brought from the proper custody*, are receivable in evidence without proof." The doctrine of possession being consistent therewith, was incoporated in our Code upon the authority of cases which may be found scattered through the books, and in relation to which there are differing opinions. In *Roe vs. Neal,* Dudley's Georgia Reports, 168, the general principle was held, with the addition *where possession accompanies them from their execution.* This length of possession is not in accordance

with the general decisions upon this subject; but if the possession be consistent with the deed, it is not such possession as from lapse of time would authorize the presumption of a conveyance that applies, but accompanying a conveyance. In *Carter vs. Chaudron*, 21st Alabama, 72, the language in relation to an ancient deed is: "A deed more than thirty years old, having nothing suspicious about it, is presumed to be genuine, without express proof, the witnesses being presumed dead; and when it is found in the proper custody, and is corroborated *by enjoyment under it* or by other *equivalent explanatory proof*, it proves itself."

Under the construction of our Code, we are of opinion that it is not necessary for the possession to have been continuous with the deed. If it be an ancient document and falls within the exception of section 3784, we do not think that the issue provided for upon the affidavit of parties, that it is a forgery to the best of their knowledge and belief, was intended to apply to it; for this would be inconsistent with the presumptions raised by the statute in favor of its age, that the subscribing witnesses were dead. But, if we were of opinion that such affidavit might, in contemplation of law, properly invoke the trial of such an issue, we are satisfied that the rule of evidence applicable to such case, would vary in its requirements from that of cases where the instrument was not over thirty years' old, and not within the principle demanding such strictures of proof. And this proposition is sustained by several authorities found in the books. In such a case, secondary evidence of hand-writing, in case of inaccessibility in the discretion of the Court, would be reasonably sufficient. But in *Winn vs.* Paterson, where this question seems to have been discussed, the principle is recognized by Judge Story, and we think our Code is express in its terms and unambiguous in its meaning; and the accompanying possession, which gives presumption to the execution, as well as the proper custody from which the instrument was presented, dispenses with the necessity of such proof. As to

the character of the possession, we cite as applicable to this case, Robinson *vs.* Craig, 1st Hill, South Carolina, 389, where it is held, "Where there was continued possession for six years, under a deed thirty years old, which was recorded about the time it was executed, there having been no possession inconsistent with the deed, it was held, the deed should be received as an ancient deed." And we, therefore, hold, that the jury found in accordance with law in sustaining the deed.

After this issue was found in favor of the defendant, the case went to the jury upon its merits, and upon the trial, it appeared that Castleberry, the defendant, purchased the land from Eli H. Baxter, in the year 1850, and went into the possession of it in the fall of that year, cultivating a field of about twenty acres, and continued in the possession of it until his death in the fall of 1863. In 1856, Mr. Castleberry improved it, and lived upon it subsequent to such improvement. The evidence shows that from the time Castleberry took possession in 1851, until his death, he exercised such acts of ownership and dominion as is usual over such property, cultivating it and cutting timber on it, then improving and living upon it; and the only question in the case arising upon the evidence, and out of which any doubt grows is that, during the years preceding the improvement in 1856, and subsequent to his taking possession in 1851, there was an abandonment of the possession; it being argued that the evidence during this interval does not show such continuous adverse possession as raises a statutory title under claim of right within provisions of the law. We have examined this record carefully, and feel satisfied that the verdict of the jury in favor of such possession is sustained by the proof. While it does not show the *possesio pedis* to every part of this land, during every day or month of the term, it does show actual possession, adverse, exclusive, continuous and peaceful, with acts of dominion consistent with a claim of ownership, sufficient by this proof to have authorized the verdict of the

jury, and we therefore affirm the judgment of the Court below.