Hill *vs.* Nisbet, trustee.

---

John M. Hill, plaintiff in error, *vs.* James T. Nisbet, trustee, defendant in error.

1. Section 2712 of the Code, in respect to the mode of attacking registered deeds, on the ground of forgery, applies to any registered deed bearing marks of alteration on its face, though more than thirty years old.

2. An affidavit under said section is good, if it charges the forgery to the best of affiant's knowledge and belief, though the affidavit afterwards explain that the forgery consisted in an alteration or erasure of the name of the true vendee, and the insertion of that of another, without the consent of the vendor, or of the vendee whose name was erased.

3. Such an issue should be separately tried; but if, by consent of parties, it be tried together with the main case, the burden of proof in respect to the forgery will be on the same party as if the special issue were tried by itself.

4. Upon such issue of forgery, the burden of proof is upon the party who offered the deed in evidence, to show its genuine character; and where such a deed carries on its face a material alteration, and no proof of its actual execution is adduced, the alteration, whether more than thirty years old itself or not, must be satisfactorily explained before the deed can pass title as a genuine paper because of its age. A deed must be right on its face, or made so by proof, before its age alone will dispense with proof of its execution, espe· cially if the vendee's name be altered.

Deeds. Evidence. Ancient Documents. Before Judge KIDDOO. Dougherty Superior Court. October Term, 1876.

Reported in the opinion.

R. F. LYON, for plaintiff in error.

WARREN & HOBBS; R. N. ELY; R. K. HINES, for defendant.

JACKSON, Judge.

Nisbet, as trustee, sued Hill for a tract of land in Dougherty. The jury, under charge of the court, found for Nisbet. Hill moved for a new trial on the various grounds set forth in the record. The court overruled the · motion, and Hill excepted.

Under section 2712 of the Code, Nisbet filed an affidavit that the deed on which defendant, Hill, relied, from Frost to Cheatham, was a forgery. This deed was made in August, 1827, and the name of Hancock, under whom Nisbet claimed, was erased, and that of Cheatham interlined, the other side holding under Cheatham. It was registered in 1828 as altered.

1. The first point made by plaintiff in error is, that the act in respect to the affidavit of forgery and providing for

the trial of the issue thereon when made, does not apply to the case of a deed over thirty years old.   We think that the act applies to all registered deeds—see Code, section 2712; and that it puts the party offering such a deed upon proof that it is genuine.   Certainly, where the deed itself shows on its own face that it is not genuine—where it bears the marks of a material alteration—we hold that the section does apply.   And this ruling is not in conflict with the decision of this court in *Matthews et al. vs. Castleberry, administratrix*, 43 *Ga.*, 346, 525 ; for there the deed appeared genuine on its face.

2.  But the affidavit in this case, after charging the forgery, explains wherein it is exhibited on the deed itself, and alleges that it has been altered by the erasure of the true vendee's name, and the interlineation of the name of the other; and it is objected that such an affidavit does not meet the requirement of the statute.   We think that it does meet the requirement of the statute, and that it is not at all vitiated by the affiant's stating wherein the deed was forged.   The fraudulent alteration of a deed in a substantial part—the change of the name of the vendee without his consent, or that of the vendor—is as much a forgery as the forging the name of the vendor; and, certainly, it does not lie in the mouth of the other side to the issue made upon the affidavit, to object that he is notified fully of the nature of the forgery which he will be required to meet and explain.

3.  This issue was tried, by consent of parties, with the main case—the title to the property—and a question is made how that affects the case and the special issue on the affidavit.   The better practice, we think, would be to adhere to the statute—Code, §2712—and to try the special issue by itself; but if, by consent, it be tried in conjunction with the ejectment cause, we do not think that this circumstance will vitiate the verdict.   It is enough if the jury pass upon the issue, and if it be legally passed upon in respect to the burden of proof.   As it was agreed that it should be tried in the way it was tried, we do not think that the burden of

Hill vs. Nisbet, trustee.

proof was changed. Wherever that burden would have been cast, had the issue been tried by itself, there it remained, though the special issue was tried in connection with the main issue. Certainly, neither party ought to lose any right by varying, by agreement, the mere mode of trying the issue.

4. And this brings us to the main and controlling question in this case; and that is, upon which party does the burden of proof fall? upon him who asserts the forgery, or upon him who is called upon by the affidavit to prove the genuineness of the deed? The Code, we think, fixes the burden upon the party who claims under the deed and tenders it in evidence. Such party can no longer rely upon registration; he must produce the original deed, and prove its execution otherwise than by registration. He may prove it by the witnesses to it, if he can produce them; or, he may prove it by its age—that it is thirty years old. But when, as in this case, he cannot prove it by the witnesses to its execution, but seeks to prove it by its age, then it must appear on its face to be genuine. On inspection, it must exhibit an honest face; otherwise, it is not such an ancient document that its countenance will pass muster—Code, §2700; 4 Phillips' Evidence, 366, note, and cases cited. Age will not sanctify ear-marks of fraud. It must be proven, to the satisfaction of the jury, how and why the ear was cropped—wherefore the vendee's name was changed—so that a deed executed at first to one man was changed to another, and thereby the title was conveyed apparently to one who never paid for the land, or was intended as the vendee. It ought to be explained; common sense demands some explanation—especially is it demanded when the same vendor, Frost, afterwards, in 1837, made another deed to the same land to Hancock, the very man whose name was erased from the first deed. It has been held that when the same feoffor afterwards makes another deed to the same land to another feoffee, that a deed to the first feoffee, though thirty years old, cannot prove itself—4 Phillips, 366, note—and that,

too, when it appears genuine on inspection. How overwhelming, then, is this case, where the deed is not only altered from Hancock to Cheatham, but Frost, the vendor, makes another deed ten years afterwards—over thirty years old too—to the same Hancock. It is vain to reply that the record of the first deed, made the year after it was executed, shows Cheatham to have been the vendee. The affidavit destroys the record as evidence, and casts the party upon other proof. It is vain, too, to say that all the witnesses are dead, and the alteration cannot be proven to have been made with the consent of Frost and Hancock. If Cheatham and his witnesses are dead and cannot speak, so is Frost who made two deeds to the same land, both more than thirty years ago, and his witnesses; and Hancock, who conveyed the land when it was afterwards deeded to him again by Frost, is also dead, and his witnesses. The altered deed is a circumstance tending to show fraud in Cheatham, in the absence of explanatory proof. There is no circumstance tending to show fraud in Frost or Hancock, yet, either Cheatham was guilty of fraud, or Frost and Hancock were. The facts seem to fix it on Cheatham. At all events, the deed, not genuine on its face, is not shown to be genuine by proof. It was for plaintiff in error to prove it, and he has failed.

In view of all the facts of the case, we think that the charge of the court is substantially correct, and the verdict of the jury right, and we affirm the judgment.