Sibley *vs.* Haslam.

## Sibley *vs.* Haslam.

An action of trespass turned upon the ownership of the land. Plaintiff exhibited a grant from the state, under the act of 1840 (Cobb's Dig., 703). Defendant introduced a grant under the acts of 1818 and 1819 (Cobb's Dig., 683, 684) and successive deeds, dated in 1823, 1838, 1868 and 1873, conveying the land to persons under whom defendant claimed the right of entering and cutting timber. Plaintiff attacked this chain of title as false and spurious, and showed that none of these deeds were recorded until 1879, when they were all recorded together on the same day; that the records in the office of the secretary of state (including the records of the former surveyor general's office) showed no such grant; that the only grant of record was that of the plaintiff; that the land was not drawn by the alleged grantee, but by another; and that the date of the grant, as well as of one of the deeds, was on Sunday:

*Held*, that a verdict for the defendant was not supported by the evidence.

(*a.*) It was no reply to this to show that numerous mistakes were made both as to the fortunate drawers and the lots which they drew in the various land lotteries of the state, as shown by acts passed for their correction, there being no evidence as to any mistake in respect to this land.

(*b.*) A plot and grant from the state may be attacked as forged and spurious, by evidence, without proceeding in the manner provided by §2712 of the Code. That section applies to registered deeds, and even in that case it is cumulative; and any deed, ancient or modern, after being read to the jury by reason of its registry, may be attacked as a forgery by any competent evidence.

January 26, 1886.

Verdict. Title. New Trial. Deeds. Forgery. Before Judge HARDEN. City Court of Savannah. July Term, 1885.

Reported in the decision.

THOMAS M. NORWOOD ; DENMARK & ADAMS, for plaintiff in error.

J. R. SAUSSY, for defendant.

HALL, Justice.

This was an action of trespass to recover damages done to lot of land No. 320, in the 7th district of originally Appling, now Clinch, county, which the plaintiff alleged belonged to him, and from which the defendant cut and removed the timber. The defendant admitted that he entered thereon, and cut and removed the timber therefrom, and also admitted the value of the timber thus cut and re- moved, but denied the trespass charged against him, and averred that the entry was made and the timber cut and removed under a purchase by him of the privilege to do so from the rightful owner. This put the plaintiff upon proof of his title, which was a grant to him from the State of Georgia, issuing on the 4th day of August, 1849, under the provisions of the act of the general assembly, approved December 19th, 1840, entitled " An act to extend the time for taking out grants for land " in certain original counties, among which was Appling, " and to provide for the disposition of the same, if not granted within the time extended." Cobb's New Dig., 703. This grant conformed in all respects to the provisions and conditions prescribed by the act authorizing it to issue.

To rebut this case, the defendant introduced and read in evidence, a grant which purported to issue to John Smith, of Wilkinson county, under two acts of the legislature, approved respectively on the 15th day of December,

1818, and the 16th day of December, 1819, for the purpose of making distribution of the lands lately acquired from the Creek and Cherokee nations of Indians, and forming certain counties therein named, among which was Appling (Cobb's New Dig., 683, 684), a deed from John Smith to James Conner, dated 17th day of ———, 1822; a deed from Conner to John G. Holland, dated March 11th, 1838; one from Holland to Samuel Hillsman, dated 4th March, 1868, and also one from Hillsman to John W. Lowe, dated 5th March, 1873. All these deeds purported to convey this lot of land, the two latter describing it as being in the 7th district of Clinch county.

The plaintiff attacked this chain of title as false and spurious, and in support of his attack, showed that none of the foregoing deeds were recorded until the 26th day of June, 1879, and that they were all recorded together and on the same day; that the records in the office of the secretary of state had been carefully examined, and revealed the fact that no such grant as that to John Smith had ever been registered in that or the surveyor general's office, which had charge of such matters prior to its abolition and the transfer of its records to the department of the secretary of state; that the only grant ever issued, so far as these records showed, was that to plaintiff; that the lot in question was not drawn by John Smith, of Wilkinson county, but by Matthew Carswell, of Burke county. The calendar shows that the grant, as well as the deed from Conner to Holland, were both executed on Sunday. Unexplained (and even without any reference to other facts in evidence by the plaintiff, casting suspicion upon the defendant's title), we think this proof shows that the grant under which the defendant claimed was false and forged, and that the title purporting to emanate from this grantee was also manufactured and was spurious.

It is no answer to this serious assault upon the integrity of this grant to say that mistakes were made both as to

the names of the fortunate drawers and the location of the lots which they drew, in the various land lotteries of the state, as is shown by numerous acts of the general assembly recognizing the existence of such mistakes, and making provision for their correction. It is a sufficient reply to this suggestion to state, that if such a mistake was made in this instance, the defendant failed to show it, or that he had taken any steps to rectify it.

Nor is there anything in the position that the plaintiff could not attack this plot and grant without alleging, in the manner prescribed by section 2712 of the Code, that they were forgeries. The remedy afforded by that provision applies to registered deeds. *Hill vs. Nisbet*, 58 *Ga.*, 586; *Payne vs. Ormond*, 44 *Ga.*, 514 (h. n. 5). And in that case, the remedy is merely cumulative. Even after the deed, whether ancient or modern, has been read to the jury by reason of its registry, it may be attacked for forgery by any competent evidence. *Doe, ex dem. Hollis et al. vs. Roe & Stevens*, 36 *Ga.*, 463, 472, 473. That the remedy given by this section does not apply in terms to forged grants, whether the genuine grant is registered or not, is evident. They may be attacked in the mode pursued here or in any similar mode ; or they may be ordered into the possession of the party assailing them, for the purpose of proving them forgeries, upon the conditions laid down by this court in *Faircloth and others vs. Jordan*, 15 *Ga.*, 511, and succeeding cases on the same line. While the plaintiff's case is completely made out by the evidence, so far as we can see, the verdict, in favor of the defendant, rests upon no proof whatever, and should have been set aside and a new trial granted.

Judgment reversed.