## McARTHUR, administratrix, *v.* MORRISON.

A deed more than thirty years old, apparently genuine and coming from the proper custody, under which possession of the land it purports to convey has been consistent, is admissible in evidence as an ancient document without proof of execution; nor does the fact that it has been recorded change its character.

Such a deed is not subject to attack as a forged instrument by an affidavit on which a separate issue must be made and tried. When offered as an ancient document, it is entitled to admission in evidence as such, without any preliminary proof of execution, and its genuineness can only be attacked by the introduction of evidence on the trial of the case in which it has been admitted as evidence. It was, therefore, erroneous, when such a deed was tendered in evidence, to reject it on the ground that its execution had not been proved.

Argued May 17, — Decided June 8, 1899.

Ejectment. Before Judge Smith. Montgomery superior court. November term, 1898.

*DeLacy & Bishop*, for plaintiff.

LITTLE, J. McArthur instituted an action of ejectment to recover a lot of land in Montgomery county. Having died, his administratrix was made a party plaintiff, and the case proceeded against Morrison as the tenant in possession. The defendant pleaded not guilty; and when the case came on to be tried, the plaintiff offered in evidence a deed from Josiah Greer to John Bell, dated May 19, 1809, purporting to convey the land in dispute. When this deed was offered, the defendant tendered an affidavit of forgery in terms of the statute. The bill of exceptions recites that the case at this stage was arrested and continued. Morrison having died, his administra-

tor was made a party defendant. At the November term, 1898, of Montgomery superior court, the original cause again came on for trial, and the plaintiff in error having introduced in evidence a plat and grant from the State to Josiah Greer, dated March 6, 1809, followed it by again offering the deed from Greer to Bell, which appeared to have been recorded May 13, 1881. The introduction of this deed was objected to, on the ground that its execution had not been proved. Against this objection, the plaintiff contended that the deed was an ancient document, coming from proper custody, that possession had been consistent therewith, that the paper was free from suspicion, etc. The court sustained the objection, ruling that as the deed was a registered deed its record put upon the plaintiff the burden of proving its execution, that age did not save it; and ruled it out. To this ruling exception was taken. The record in the present case is somewhat confused, but from it we gather the ruling of the court to be that, inasmuch as the deed had been recorded and an affidavit of forgery previously tendered, the burden was on the party offering it to prove its execution, notwithstanding its age. The rule prescribed by our Civil Code, § 5239, that generally the original writing must be produced and its execution proved, in order to admit the paper as evidence, was taken from the common law. 1 Greenleaf on Evidence, § 557. An exception to this rule, however, is that a deed more than thirty years old, having the appearance of genuineness on inspection, and coming from the proper custody, if possession has been consistent therewith, is admissible in evidence without proving its execution. Civil Code, § 3610; 1 Gr. Ev. § 21. Section 3628 of the Civil Code provides that a registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker, one of his heirs, or the opposite party in the cause will file an affidavit that said deed is a forgery, etc. So that registration has by the statute been made the equivalent of proof of execution, so far as to render a deed admissible in evidence unless specially attacked for forgery. The paper in question appeared to be more than thirty years old. It bore no appearance of having been altered; it came from the proper custody; and, as

said by Mr. Blackstone, it proves itself; its bare production is sufficient. The subscribing witnesses being presumed to be dead, such presumption, so far as this rule of evidence is concerned, is not affected by proof that the witnesses are living. This paper, then, was entitled to be admitted in evidence as an ancient deed, both under the provisions of our statute and under the rule at common law, without proof of execution. It certainly can not be that the fact of its registration put on the plaintiff the burden of proving its execution, for registration could take away none of the privileges it had as an ancient document. It will be noted that under the statute no special issue is authorized to be raised by the tender of an affidavit of forgery to an unregistered deed. The reason is obvious; such an instrument requires proof of execution before it can be admitted in evidence, but, because this is so, it does not follow that it must be conclusively taken as a genuine instrument. In both instances, where a deed because of registration has been admitted without proof of execution, as well as where such an instrument comes in on proof of execution, the genuineness of the instrument may be attacked by competent evidence on the trial of the case in which the instrument is sought to be used. Its admission is not decisive of its genuineness. The jury could, viewing it in the light of all the facts, conclude that the instrument was not genuine, and find accordingly. *Gardner* v. *Granniss*, 57 *Ga.* 539.

In the case of an ancient deed, it seems that this is the only manner in which the genuineness of the paper can be attacked. If the deed possesses the requisites prescribed by the statute, it is entitled to the presumption, which the law conclusively raises in its behalf from its age, that the witnesses to its execution are dead. To arrest it on its way to the jury by an affidavit of forgery would be to require the proof which the plain letter of the law has dispensed with as to such instruments. In the case of *Matthews* v. *Castleberry*, 43 *Ga.* 346 (headnotes on page 525, same volume), it was held by this court, that an instrument over thirty years old, coming from the proper custody, bearing upon its face marks of genuineness, with which possession was consistent, proved itself, needed

no evidence of execution, and the issue provided by the code did not apply to such an instrument. It is true that in the case of *Patterson* v. *Collier*, 75 *Ga.* 419, the following language was used in the opinion of the court: "That an ancient deed may be attacked, like any other deed, for forgery, is well settled"; but a reference to the facts of that case and to the authorities cited shows that it was not intended to rule the proposition without qualification. There no original deed was tendered, but by agreement a certified copy from the record was to be used on the trial of the case instead, and it was to this certified copy that the affidavit of forgery was tendered. In direct connection with what was said by the court as above quoted, this language was used: "It is, at best, doubtful whether the deed in question could in a legal sense be considered an ancient document, and it is certain that a copy of such a document can not be used to establish its age and the presumption arising therefrom of its proper execution." So that the question was not clearly made in that case whether an ancient deed possessing the requisites named in the code was the subject of an attack for forgery and a separate trial on that issue. Indeed, the authority which the judge cites for this ruling made, that of *Hill* v. *Nisbet*, 58 *Ga.* 587, tends to explain the meaning of the language used. In the latter case, when a deed made in 1827 was offered in evidence, an affidavit of forgery was tendered, but it appeared that the name of the vendee in the deed had been changed, and the court ruled that the provisions of the code in respect to the mode of attacking registered deeds on the ground of forgery applied to a registered deed which bore marks of alteration on its face, notwithstanding it was more than thirty years old. So that the case of *Patterson*, supra, can not mean to declare that under all circumstances an ancient deed may be attacked like any other deed for forgery. It had reference to such a deed as was referred to in the case of *Hill* v. *Nisbet*, where, as we have seen, the deed for which the presumptions of an ancient document were claimed bore upon its face evidence of material alterations. If, however, it be said that in that case the court expressed the opinion that the act providing for the

tender of an affidavit of forgery applied to all cases, it may be replied that no such point was there ruled. On the contrary, the ruling is in these words: "Where the deed itself shows on its face that it is not genuine, where it bears the marks of a material alteration, we hold that the section does apply." As conclusive, however, of what was the ruling in that case, the court follows the above-quoted language with the following explanation: "This ruling is not in conflict with the decision of this court in *Matthews et al. vs. Castleberry, administratrix;* for there the deed appeared genuine on its face." Thus taking all the adjudications of this question by this court, there is no conflict, and the ruling made in *Matthews* v. *Castleberry,* supra, is conclusive; and, without regard to its registration, we hold that the deed tendered, as shown by the record, was entitled to admission in evidence as an ancient document, and that to such an instrument (possessing the requisites prescribed by the code) a special issue of its genuineness can not be raised and tried by tendering an affidavit of forgery. It follows that the court erred in refusing to admit the deed in evidence without proof of execution; and the judgment must be    *Reversed.    All the Justices concurring.*