### 1632. LEVERETT, administrator, *v.* TIFT.

1. The court has full power to protect a party from surprises brought about by the production of papers by the opposite party under circumstances not reasonably to be expected, and, if necessary, may continue the case or suspend the trial in order to give the party so surprised an opportunity to present his case fairly. However, this right must be exercised with sound discretion; and unless it appears that the continuance of the case would probably further the interests of justice, the court may decline either to suspend the trial or to continue the case. It does not clearly appear that the judge abused his discretion in the present instance.

2. If a deed is recorded on proper probate, it is admissible in evidence without further proof of its authenticity, unless the party against whom it is tendered files an affidavit of forgery. If the deed is more than thirty years old and is otherwise entitled to admission as an ancient document, it needs no further prima facie proof of its execution, whether it be recorded or not. The party against whom the deed is tendered may attack the deed for forgery without filing the usual affidavit, even if it is admissible in evidence as an ancient document and is recorded on proper probate, but the burden of proof is upon him. Although a deed more than thirty years old is for any reason not admissible as an ancient document, yet if it is recorded upon proper probate, the party against whom it is tendered must file the affidavit of forgery, before the burden of proving the authenticity of the instrument is cast upon the party tendering it.

3. In trespass cases, where the plaintiff has never been in possession and the action turns solely upon his title, the plaintiff may make a prima facie case by showing that both parties claim under a common grantor. The defendant may, however, defeat this prima facie case by showing paramount outstanding title in a third person, or by showing that the common grantor parted with his title by a conveyance superior to the plaintiff's title.

4. In trespass cases of the kind mentioned in the preceding headnote, the defendant is entitled to a verdict whenever he shows that the plaintiff was never in possession of the property, and that the true title is in another. It is not necessary for him to show that he himself has the true title.

Action for trespass, from city court of Tifton—Judge Eve. December 12, 1908.

Argued February 24,—Decided April 15, 1909.

*Haygood & Cutts,* for plaintiff.

*Fulwood & Murray, Hal Lawson,* for defendant.

POWELL, J. B. F. Leverett, as administrator de bonis non of Elijah Munkus, sued H. H. Tift in trespass, for cutting the timber upon lot of land number 3 in the 2d district of originally Irwin, now Turner county. The case turns upon the title of the plaintiff, as the cutting was admitted and there was a verdict for the defendant. The plaintiff made a prima facie case, by showing plat and grant from the State of Georgia to Elijah Munkus, together with a certified copy of his letters of administration. This plat and grant were dated March 25, 1841. It was shown also that the defendant had cut the timber, under a chain of title originating in a forged deed purporting to have been made by Munkus to James A. Green on December 4, 1846; though, so far as the defendant himself is concerned, he seems to have acted in

good faith and innocently, there being no intimation that he knew
or suspected the forgery. At the trial, however, the defendant
introduced a deed from Elijah Munkus to A. Cobb, dated Sep-
tember 2, 1843. It was duly attested, and had been recorded just
a few days before the trial. It is stated in the record that this deed
was offered as an ancient document. The defendant attempted
to show a chain of title from A. Cobb into himself; obtained by
him, however, since the pendency of this litigation; but this chain
was defective, because one of the conveyances purported to have
been made by the heirs at law of one of the grantees into whom the
title had been traced, and there was no sufficient proof that these
persons were in fact the heirs at law of that grantee. It seems that
this deed from Munkus to Cobb was found just a few days before
the trial, and that prior to that time the defendant had claimed
solely under the claim of title which originated in the deed men-
tioned above as having been proved at the trial to be a forgery.
Further facts necessary to an understanding of the points decided
will be stated in the opinion.

1. When the defendant offered in evidence the deed from Eli-
jah Munkus to A. Cobb, dated September 2, 1843, the plaintiff's
counsel moved for a continuance, on the ground that he was sur-
prised, that he was for the first time confronted with this deed,
that the defendant had, in signed writings filed in court, admitted
that he claimed title originating in a different manner. No statu-
tory affidavit of forgery was filed, but the plaintiff's counsel
stated in his place that he believed this deed also to be a forgery,
and wanted further time in which to get proof of this fact. The
judge, after inspecting the paper, and after comparing the signa-
ture of the official witness on this deed with the signature of the
same witness on another deed contained in the chain of title and
admitted to be genuine, declined to grant the continuance; and
this action of the court is complained of in the motion for a new
trial.

It was ruled in the case of *Williams* v. *Rawlins,* 10 *Ga.* 491,
that either party in a case involving title to land is entitled to
impeach by proof, and without making affidavit of forgery, the
genuineness of any deed offered in evidence, and if the deed "be
sprung upon the party by surprise, and he is not prepared with
proof to assail it," a continuance may be granted upon suitable

showing, and necessary time given to procure testimony. That a continuance may be granted to either party by reason of surprises, brought about by the production of papers, the existence of which the movant for the continuance could not reasonably have anticipated, where the transaction smacks of surreptitiousness or unfairness, or there is reasonable ground to believe that the interests of justice require the continuance in order that the movant may have full and reasonable opportunity to prepare his case, is unquestioned. In addition to the case just cited, see *Trustees* v. *Blount,* 70 *Ga.* 779; *Maynard* v. *Cleveland,* 76 *Ga.* 52; *Crawford* v. *Hodge,* 81 *Ga.* 728 (8 S. E. 208). Applications of this kind, however, are addressed to the sound discretion of the trial judge; and his action thereon will not be reversed, unless there has been an abuse of discretion. In passing upon such a motion the judge has a right to take into consideration all the facts and circumstances of the case. If the object sought through the continuance is to attack a paper for forgery, the movant should make it appear that there is at least some probability that his attack will be successful—there must be something more than a mere hope on the part of the movant's counsel that he will be able to discover some testimony not available to him at the time of the trial. We can not say that the judge abused his discretion in the present case. It is true that counsel for the movant stated that to him the deed looked like a forgery; but the judge himself saw the deed, saw the indicia of its genuineness, and was in better position than we are to determine whether there was any reasonable prospect that the movant might be successful in an attack upon it, if he were given the additional time for which he asked. The judge, as it turned out, was probably correct; for although about three months elapsed between the date of the trial and the date when the motion for a new trial was heard, and although any new evidence showing the deed to be a forgery could have been brought to the attention of the court in one of the grounds of the motion for a new trial, no such evidence was presented, nor was its existence suggested.

2. Objection was made to the introduction of the deed from Munkus to Cobb, on the ground that it was tendered as an ancient document, and it was not shown that possession had been held consistently with this paper, and therefore it was necessary for

the defendant who offered it to make additional proof of its genuineness. We have referred to the fact that this deed was properly attested and recorded. By the Civil Code, §3628, it is provided, "A registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause, will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed." No affidavit of forgery was filed.

Therefore there was no error in admitting the deed in evidence. If the deed is recorded upon proper probate, and is not admissible as an ancient document, the filing of this affidavit casts the burden of proof upon the party offering the deed. If no affidavit of forgery is filed, the party against whom the deed is offered may nevertheless attack it; but in that event he assumes the burden of proof. This is also the rule where the deed, though more than thirty years old, is for any reason not admissible in evidence without further proof, as an ancient document. If the deed is an ancient document and the preliminary showing is made which entitles it to introduction in evidence as such, the filing of an affidavit of forgery will have no effect; for though the deed may be attacked as a forgery, the burden of proving the forgery is upon the attacking party, and can not be shifted by the filing of an affidavit. These are the necessary deductions from the following cases. *Knight* v. *Suddeth,* 126 *Ga.* 231 (55 S. E. 31); *McArthur* v. *Morrison,* 107 *Ga.* 796 (34 S. E. 205); *Patterson* v. *Collier,* 75 *Ga.* 419 (58 Am. R. 472); *Sibley* v. *Haslam,* 75 *Ga.* 493. Therefore, if the plaintiff in this case was correct in his proposition that the deed was not admissible as an ancient document, and he desired to shift the burden of proof to the defendant, it was necessary for him to file an affidavit of forgery, since it was recorded on proper probate, and this, as well as the ancient character of the instrument, afforded prima facie evidence of its authenticity. An attentive reading of the case of *McArthur* v. *Morrison,* supra, sometimes considered as authority for the proposition that an affidavit of forgery can not be tendered to a deed offered as an ancient document, will show that it is authority only for the proposition that this affidavit can not be filed in the event it

appears that the deed is in fact admissible as an ancient document. Of course if a deed is shown to be entitled to admission as an ancient document, the filing of the affidavit of forgery would be utterly useless and unavailable as a method of attack, and this much the *McArthur* case clearly holds. On the other hand this case is not authority for the proposition that an affidavit of forgery may not be filed to a registered deed more than thirty years old if it is not accompanied by those other indicia of genuineness as precedent to its admission in evidence as an ancient document. In other words, a party tendering a recorded deed more than thirty years old has two ways of getting it into evidence,—as an ancient document, or as a registered deed,—and the party objecting must close up both these routes, otherwise the deed goes in, and the burden rests on him who assails its genuineness.

3. The record also presents the point that since the defendant claimed the right to cut the timber under a chain of title emanating from a forged deed purporting to have been executed by the plaintiff's intestate, and since it was thereby shown that the plaintiff and the defendant claimed under the same common grantor, the defendant should not have been allowed to defeat the plaintiff's right of recovery by showing that the plaintiff's intestate had parted with his title; that where the plaintiff and the defendant claim under a common grantor, the defendant can not defeat a recovery by showing paramount outstanding title without connecting himself with it. Until the decision of the Supreme Court in the case of *Garbutt Lumber Co.* v. *Wall,* 126 *Ga.* 172 (54 S. E. 944), was rendered, it was doubtful in this State whether the rule of estoppel, often applied in ejectment cases where both parties claim under the same common grantor, was applicable to trespass cases. The decision in that case very clearly and satisfactorily shows that the rule is applicable to the extent that the fact of the defendant's holding under the plaintiff's grantor is equivalent to a rebuttable admission of the fact that in this common grantor the true title once reposed, and that this admission is sufficient to make a prima facie case in behalf of the plaintiff, and to throw upon the defendant the burden of proving that the plaintiff who traces title to this same source by superior deed is not in fact the true owner of the land, or to show by some other means that he is not entitled to recover in the action. It is not authority for the

proposition that the defendant may not show that the plaintiff is not the owner of the land, and therefore not entitled to recover, although he and the plaintiff claim under the same grantor and the plaintiff's apparent title, as emanating from the common grantor, is the superior. The admission implied against the defendant when it is shown that he holds under a common grantor with the plaintiff binds him to no broader proposition than that the true title once reposed in this common grantor. It does not bind him to the proposition that the true title still remains in that common grantor or in his estate at the time of the bringing of the suit. In the case of *Morris* v. *McCamey,* 9 *Ga.* 169, the defendant had caused a fi. fa. in his favor to be levied on the land upon which the trespass was alleged to have been committed, as the property of T. McCamey, and the plaintiff had become the purchaser of the property at that sale. The plaintiff therefore contended that the action of the defendant in causing the property to be levied upon as the property of T. McCamey was an admission on his part that the title was in T. McCamey, and that this admission estopped the defendant from insisting that there could be a paramount title in another as against the plaintiff, who had bought at that sale. The court rejected the proposition, and held that, since in the proof it appeared that paramount title was in another, although the defendant did not connect himself with it, the plaintiff could not recover. That case is very analogous to the case at bar.

It would be an absurd proposition to say, if A took a defective title emanating out of B, that B or his administrator could part with that title and nevertheless recover in trespass from A for injury or damage done to the property. Reduced to its last analysis, the plaintiff's proposition amounts to this: that although Elijah Munkus sold this land nearly seventy years ago, and parted with all his title and interest in it, the plaintiff, who has recently taken out letters of administration on his estate, can nevertheless sue and recover damages for the trespass committed upon this property, as to which neither Munkus nor his estate has had the slightest right or title for nearly three score years and ten, simply because the deed by which Munkus sold the property was not recorded, and the defendant bought under a forged chain of title, purporting to have emanated from the same source. Of course,

the true owners, the subsequent grantees from Cobb, could sue for the trespass, and the defendant would be liable to them (unless he was able to show that the title which he produced at the trial connected with Cobb's title) ; and yet Munkus's administrator says he must be paid too as a penalty for the defendant's having bought a defective title purporting to have originated in his intestate. The law imposes no such penalty for buying even a forged title. The position of the defendant is entirely consistent with the proposition promulgated in the case of *Garbutt Lumber Co.* v. *Wall,* supra. He admits that the true title once reposed in Munkus. He now says, to the complete defeating of the plaintiff's action, that it no longer reposes there. We do not understand the rule to be, even in ejectment, that the defendant may not defeat a recovery by showing that the common grantor parted with his title by a conveyance superior to the plaintiff's title, as well as superior to his own, though he may be forbidden to show that the true title never came into the common grantor.

4. The court fairly submitted to the jury the question as to whether the deed from Munkus to Cobb was genuine or not; and their verdict necessarily declared it to be genuine. The plaintiff's right of recovery, therefore, failed at this point, and alleged erroneous rulings made in admitting deeds by which the defendant attempted to connect himself with the title which Munkus conveyed to Cobb were wholly immaterial. In trespass the defendant need not show title in himself, where the plaintiff has never been in possession and his action depends solely on his title; the defendant succeeds whenever he shows that true title was not in the plaintiff at the time of bringing suit. We see no reason for granting a new trial.                    *Judgment affirmed.*