### 23910. GIBSON v. CAUSEY.

DUCKWORTH, Chief Justice. This is an ejectment case in the fictitious form in which the jury, after hearing the evidence, returned a verdict for the defendant or real claimant. One of the main issues involved whether or not a deed from the real plaintiff to the real claimant was or was not a forgery, counsel for the appellant insisting that under *Code* § 29-415 a separate trial was necessary on the issue of forgery upon the introduction of an affidavit of forgery. A motion for new trial, as amended, was filed, heard and overruled; and the

appeal is to this judgment with the enumerated error complaining of the failure to grant the motion. *Held:*

1. The general rule is that an original writing shall be produced and its execution proven. But the execution of a deed may be proven by (1) its ancientness and self-contained evidence of genuineness; (2) by admission of the opposite party; (3) by registration according to law; and (4) by witnesses. *Code* §§ 38-701, 38-706, 29-112, 29-415; Powell and Mitchell, Actions for Land, § 176, p. 180. Since the appellee sought in this case to prove its execution by witnesses, although offering a certified copy of the registered deed in evidence, *Code* § 29-415 would not require an issue to be made and tried separately by the filing of the affidavit of forgery since the appellee proceeded to adopt the burden of proof from the beginning and did not rely solely upon its registration for admission in evidence. Consequently, no separate trial would be required. None of the special grounds of the amended motions which complain of the failure to have a separate trial of the issue of forgery is meritorious. *Payne v. Ormond,* 44 Ga. 514; *McArthur v. Morrison,* 107 Ga. 796 (34 SE 205); *Haithcock v. Sargent,* 145 Ga. 84 (88 SE 550).

2. The evidence was in conflict on the issue of forgery, but there was ample evidence to support the verdict. Hence the general grounds are without merit. The court did not err in overruling the amended motion for new trial, and the enumerated error is not meritorious.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 13, 1967—DECIDED FEBRUARY 23, 1967.

*T. M. Jackson, C. B. King,* for appellant.

*Timothy K. Adams, Jones, Sparks, Benton & Cork, Frank C. Jones,* for appellee.