No. 2.—NAPOLEON B. BEARD and another, plaintiffs in error, *vs.* THOMAS SIMMONS, defendant.

[1.] Where a promissory note is declared on, which on its face is barred by the Statute of Limitations, and the defendant pleads the Statute, the plaintiff may, under our judicial system and practice, amend his declaration, by alleging a new promise by the defendant, so as to prevent the operation of the Statute.

[2.] A new trial will not be granted on the ground of newly discovered evidence, when the party making the application might, by the exercise of due diligence, have procured it before the trial.

[3.] Nor will a new trial be granted on the ground of newly discovered evidence, merely to give the party an opportunity to *impeach* the credit of a witness sworn on the trial.

Debt, in Bibb Superior Court. Tried before Judge STARK, January Term, 1850.

This was an action of debt, brought by the defendant in error against the plaintiffs in error, upon several promissory notes made by the plaintiffs to one Aaron Lessell, as the executor of John J. Lanier. Andy McNeal signed the notes by making his mark thereto. The notes were transferred by Lessell to Simmons. The defendants filed the plea of the Statute of Limitations. McNeal also filed the plea of *non est factum*.

The plaintiff subsequently amended his declaration in the

Beard and another *vs.* Simmons.

Court below, by adding a count upon a new promise made by Beard and McNeal to Lessell.

The cause came on to be tried on the appeal, at January Term, 1850, when counsel for the defendants moved the Court to strike out the amendment to the declaration alleging a new promise, which motion was overruled by the Court, and counsel for defendants excepted.   Plaintiff then tendered in evidence the depositions of Aaron Lessell, (which had been in Court some six months) to prove that McNeal made his mark to the notes, and also to prove that the defendants had promised to pay the same, in order to take them out of the Statute of Limitations.   Lessell further stated in his answers, that a part of the notes were given for property purchased at a sale held by him as executor of Lanier.   Simmons had executed to Lessell a release from all liability on account of the notes.

Counsel for defendants objected to the introduction of the testimony.   The Court overruled the objection, and the interrogatories were read to the Jury, and counsel for defendants excepted.

Counsel for defendants requested the Court to charge the Jury, that "inasmuch as it appears that McNeal cannot read, that the notes should have been read over to him, or that it should have been explained to him what the notes were, at the time the new promise was made by McNeal, as proved by Lessel, in order to bind McNeal by the new promise; also, that the subsequent or new promise must be shown to have been made after the bar of the Statute had attached, in order to bind the defendants thereon; also, that if any new promise was made, the same was good and binding, and could only be enforced within four years next after the same was made."

All of which charges the Court refused to give, but did charge the Jury, that " if they were satisfied, from the testimony, a new promise was made at any time within six years next before the commencement of the said action, that the same was good and binding, and should be enforced; also, that as McNeal could not read, they should be well satisfied, that when he made the new promise, he knew what he was doing, and what debt or demand it was he was promising to pay, and they must be well satisfied

that the new promise made by McNeal, and relied on by the plaintiff, to take the case out of the Statute of Limitations, plainly and unequivocally referred to the notes now in suit; also, that a payment made on the notes, by the maker, was equivalent to a new promise, if made within six years preceding the commencement of the suit."

The Jury found a verdict for the plaintiff. Whereupon, counsel for the defendants moved the Court for a new trial, upon the following, among other grounds:

Because the Court erred in not striking out the amendment to plaintiff's declaration.

Because the Court erred in allowing the interrogatories of Aaron Lessel to be read to the Jury.

Because the Court erred in refusing to charge the Jury, as requested by defendants' counsel.

Because, since the trial of said cause, one of the defendants, McNeal, has discovered new testimony, which was, in substance, that the returns of the sale of John J. Lanier's property, by Lessell, to the Court of Ordinary of Bibb County, show that the sale took place after the date of the notes sued on, and which notes Lessell testified were given for property at that sale, &c.

The motion for a new trial was refused by the Court. Whereupon, counsel for defendants excepted, and have assigned error.

Powers & Whittle and Hunter, for plaintiffs in error.

Stubbs and Lester, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The first ground of error alleged against the judgment of the Court below is, in allowing the plaintiff's declaration to be amended, by averring the *new promise* of the defendants, so as to take the case out of the Statute of Limitations. According to the practice of the Courts in England, when the notes are barred by the Statute on the face of the declaration, the defendant pleads the Statute of Limitations, if he intends to insist on it as a de-

Beard and another *vs.* Simmons.

fence. In order to avoid the effect of a plea, the plaintiff puts in his *replication*, averring a new promise. In this State, the plaintiff is not allowed to file his replication, inasmuch as *special* pleading is prohibited, and the parties are at issue when the declaration and answer shall be filed. Amendments, however, are allowed by Statute to be made to the declaration and answer, regulated by our rules of practice, so as to prevent surprise and injustice. The declaration in this case showed *a cause of action*, and but for the *defendant's plea*, availing himself of the Statute of Limitations, the plaintiff would have recovered a verdict. When the defendant manifested his intention to insist on the Statute by his plea, the plaintiff could not reply on the record a new promise, as in England, but he moved the Court to amend his declaration, by alleging a *new promise,* for which the *original indebtedness*, as set forth in the declaration, formed the *consideration*. The amendment was, in our judgment, properly allowed by the Court below, under our Judiciary Act and Rules of Practice.

The general ground of error insisted on, is the admission of the testimony of Lessell, the payee of the notes sued on, to prove the new promise of the maker, and also to prove the consideration for which the notes were given.

We do not think there was any foundation for this objection, inasmuch as the plaintiff had executed a *release* to the witness from all liability, whatever, on account of the notes. If he was not a competent witness, independent of the release, that made him so. The third ground of error is, that the Court refused to grant a new trial on the ground of newly discovered evidence.

Lessell, the witness, testified that the notes sued on were given in part for property sold at the executor's sale.

[2.] The basis for the new trial is, that the defendant has recently discovered, from the returns made to the Court of Ordinary, that the property was not sold until after the date of the notes. The testimony of Lessell, taken by commission, had been in the Clerk's office some six months before the trial, and the newly discovered evidence being matter of record, equally accessible to both parties, the Court below held, that the defendant had not exercised proper diligence in endeavoring to procure it. It may

be stated to be an established rule, that a new trial will not be granted on account of evidence discovered after the trial, which, by using due diligence, might have been discovered before. *Knox vs. Work,* 2 *Binney's Rep.* 582.

[3.] Nor will a new trial be granted on the ground of newly discovered evidence, merely to give the party an opportunity to *impeach* the credit of a witness sworn at the trial. *Bunn vs. Hoyt,* 3 *John. Rep.* 255. *Durgee vs. Dennison,* 5 *John. Rep.* 248. The motion for a new trial was properly overruled, on the ground of newly discovered evidence. The next ground of error alleged upon the record is, to the charge of the Court to the Jury.

We have examined the charge of the Court as applicable to the state of facts contained in the record, especially the date of the credits made upon the notes, as well as the time at which the new promise was made, and we are of the opinion the Court did not err in its charge to the Jury, but that the law of the case was properly stated by the Court, and that there was no error on the part of the Court in refusing to charge as requested by defendant. The evidence clearly shows a new promise, on the part of the defendant, to pay the notes *before* the Statute had interposed its bar.

Let the judgment of the Court below be affirmed.