ATKINS *et al. vs.* PAUL *et al.*

1. An erroneous charge in one's favor is not good ground for a new trial on motion of the party so favored.
2. Actual possession of land is notice to the world of a claim thereto, and one who, knowing land to be held by one person, buys it from another, will be charged with notice of an unrecorded deed held by the party in possession.
3. A description of land in a mortgage in these terms: "Two hundred and sixty-one acres of land off of lots numbers five, twenty-seven and twenty-eight, in the ninth district of Randolph county," is fatally defective for want of sufficiently definite description.

Title. Notice. Mortgage. Practice in Supreme Court. Before Judge FLEMING. Randolph Superior Court. May Term, 1881.

Reported in the decision.

KENNON & HOOD, for plaintiff in error.

W. C. WORRILL; C. B. WOOTEN, for defendant.

SPEER, Justice.

This was a suit in ejectment to recover a portion of lot No. 27, it being the southwest portion of said lot, containing 130 acres more or less ; also a portion of lot 28, it being the southeast corner thereof, containing thirty acres;. also one acre off of lot No. 6, embracing gin-house, packing screw and spring; also north half of lot No. 5, containing 100 acres, all lying in Stewart county.   Under the evidence and charge of the court, the jury found a verdict for the plaintiff for the premises in dispute.   Defendant made a motion for a new trial on various grounds, as set forth in the record, which was overruled by the court, and defendant excepted.   The grounds of the motion are,

(1.) Verdict is contrary to law and evidence, and decidedly and strongly against the weight of evidence.

(2.) The court failed to charge the jury that in all civil cases they are the judges of the testimony only, and they must take the law as given them by the court.

(3.) Because the court erred in charging as requested by counsel for plaintiff below, " That the mortgage which is in evidence before you does not specify sufficiently the property on which it is to take effect, there being no such description of the property as would put a person desirous of purchasing upon notice not to purchase.   This is a question usually decided by the court in the dispute of the paper, but in this case the court has thought it best to submit the question to the jury."   •

(4.) Because the court erred in charging,  " That in reference to this second deed, that if the testimony should satisfy you that Mattox was in possession of the land by. himself or his tenants, and was put out by Atkins when he took possession under his sheriff's deed, if you should decide on the first point, that the sheriff's deed was not good, then I charge you that this second deed of Paul to

Atkins could not be sustained, because having already parted by deed with all the interest to said Mattox, they had no further interest in the said land to convey ; hence the first deed to Mattox was the better title than the second deed to Atkins."

(5) Because the court erred in the following charge, to-wit: " As to the second deed of Paul's to Atkins, I charge you that you must find a verdict for defendant, unless you find from the evidence that Atkins did have actual notice of Mattox's prior title, for it is admitted he had no constructive notice, the deed of Mattox never having been recorded."

(6.) Because the court erred in the following charge: " In charging as to weight of evidence, positive testimony being always better than negative testimony, unless the parties testifying had equally good opportunities of knowing that about which they testify." ·

(7.) Because verdict is contrary to law and the charge of the court.

On the trial of this cause both plaintiff and defendant claimed title from D. O. and C. C. Paul.

Plaintiff offered in evidence a deed from D. O. and C. C. Paul to himself, dated 17th December, 1871, consideration $1,500.00 to the premises in dispute, attested by Julius D. Mattox and T. J. Ball. Deed proved by Ball and not recorded. ·

Ball, the attesting witness, testified he knew the land in dispute ; witness wrote the deed and signed same as witness, and saw J. D. Mattox sign it. Mattox (plaintiff) bought the land last of year 1871. It was worth for rent in 1875 $100.00 to $150.00; in 1876, $75.00 ; in 1877 and 1878, $50.00. Witness wrote Mattox before sheriff 's sale ; that Mattox came to Randolph county the ·fall after said sale—came in response to witness' letter.

Plaintiff sworn.—" Bought the land in dispute last of 1871. First sold the land to D. O. and C. C. Paul, and made them a deed to it. Paid about $500.00 and could

not pay balance, and I took place back and took the deed to the land. After I bought the place back, I was living at the time in Alabama, and D. O. and C. C. Paul went on place as my tenants and remained there two or three years, and then one Cooley went in under me and was in possession in 1874. I sent word to Mr. Ball to stop the sale. I came to Georgia and saw Atkins, and told him I had a deed to the land, etc.; did bring suit. I had a conversation with Atkins in fall of 1874, and told him I had a deed to the land."

W. J. Atkins (defendant) testified : " It was on 17th February, 1876, I had the talk with plaintiff, and was the first and only time I ever had conversation with plaintiff about the land. Same day I took this small note of him bearing that date—said to me he claimed the land and had a deed to it. Said he would bring suit. I told him to go ahead. Some time after I got the deed from D. O. and C. C. Paul. I went out to land after sheriff's sale ; there was some one in possession—don't know who it was. Did not know any one claimed the land till 17th July, 1876. I got the deed, dated in 1875, from D. O. and C. C. Paul, because I was not satisfied myself with the description of land contained in mortgage. I wanted the deed to make it doubly sure. There was a balance of several hundred dollars due on mortgage, and gave that to the Pauls to make the deed. At the time they did not tell me of anybody else claiming the land, or that they had made anybody else a deed."

C. C. Paul testified—" Brother and myself went on the land, after we made deed to Mattox, as his tenants; stayed two years. Cosby was after that on it as Mattox's tenant. Mattox was living in Alabama. Told Atkins that he did not want to make a deed as there was already two deeds. Had reference to the Mattox deed and sheriff's deed. Atkins said there was no danger; and I made the deed."

Defendant then introduced a note signed by D. O. and C. C. Paul, dated 13th February, 1871, due 1st November,

1871, secured by mortgage of same date, and the land described in mortgage as follows: North half of lot No. 5; south portion of 27, being 130 acres of same, and 30 acres of southeast corner, No. 28, in 9th district, formerly 20th district Lee. Date of *fi. fa.* on mortgage 15th July, 1874. Sheriff's deed to Atkins dated 1st September, 1874—land described in *fi. fa.*

A quit claim deed from D. O. and C. C. Paul to M. J. Atkins to premises in dispute, dated April 24th, 1875.

It will readily be seen, from this synopsis of the evidence thus given, that both plaintiff and defendant claimed under a common feoffor—D. O. and C. C. Paul, and neither traced or exhibited title beyond this common source. Plaintiff relied for recovery on a deed executed by D. O. and C. C. Paul to himself, of date 17th day of December, 1871, to himself for the premises, and which had never been recorded.

The defendant claimed a title under a sale made by the sheriff by virtue of a mortgage *fi. fa.* in favor of defendant *vs.* D. O. and C. C. Paul, issued in July, 1874, said sale taking place in September, 1874. But the mortgage under whose lien the judgment was had was dated 13th February, 1871, anterior in point of time to the deed of D. O. and C. C. Paul to Mattox. Defendant further claimed under a deed executed by D. O. and C. C. Paul to himself, bearing date in 1875, after the sale by the sheriff.

There are two questions upon which the title of defendant depends. Was the mortgage a good and valid mortgage? If so, defendant got a prior and therefore a better title than plaintiff from D. O. and C. C. Paul by virtue of the sheriff sale. Failing in this, he claims he also held a deed duly recorded from the Pauls in 1875, without notice of the unrecorded deed of plaintiff. If so, then this deed would have preference under the statute.

1. Passing over the first and second grounds of error as not being well taken, did the court err in its charge as is set forth in third ground? It is evident the court did intend

to charge the mortgage was invalid, and yet, at the same time, left the paper to the jury to pass upon. This was error; but did it hurt plaintiff in error? The court charged, the mortgage which was in evidence "does not sufficiently specify on what property it is to take effect," and yet left, seemingly from the record, that question to the jury so as to give defendant the additional chance of their deciding otherwise. While we think this was error, as we think the court should have passed upon the legal sufficiency of the paper, his leaving that question to the jury was such an error as defendant has no reason to complain of—it certainly did him no harm.

2. The fourth ground of error, when construed in connection with other portions of the charge, was not error. If it be true that Mattox was in possession either by himself or tenants, and *that fact* was known to Atkins when he took his second deed from the Pauls, then this fact established, the law charged him with notice of the deed to Mattox, and if he knew it, he certainly took nothing by his second deed. Possession of property is a presumption of title, and sufficient to charge one with notice of a prior deed to the one in possession, though not recorded. So in effect, upon his supposed hypothesis of the proof, the deed to Atkins from D. O. & C. C. Paul did not convey title as against a prior deed.

We find no error in the fifth and sixth grounds of the motion for new trial.

3. We do not think the verdict is contrary to law or evidence. The statute requires: "The mortgage must *clearly* indicate the creation of a lien, specify the debt to secure which it was given and the property upon which it is to take effect." Code, §1955. We think this mortgage is fatally defective in not clearly specifying the property upon which it was to take effect, and that the sale under it was void as to passing title. The only contest remaining then was, did Atkins have notice, either actual or of such facts as amounted to notice in law, of Mattox's older

deed before his second deed was taken? We think there is sufficient evidence to sustain the plaintiff's theory of the case on this point. It is true it was in direct conflict with the testimony of the defendant, but to whom the credit should be given in such cases, was a question for the jury, and they having so found in favor of the plaintiff, and their finding being approved by the presiding judge, we do not feel called upon to interfere with his judgment.

Let the judgment below be affirmed.