## ROBERTS *v.* ROBERTS.

1. Upon the trial of the issue of forgery authorized to be made under section 3628 of the Civil Code, nothing is involved except the factum of the deed assailed, and consequently there is no authority for enlarging such an issue so as to enable the jury empanelled to try it to pass upon the merits of an alleged estoppel in pais.
2. Where, upon the trial of a claim case, a special issue of forgery is formed upon the execution of a deed which is offered in evidence by the plaintiff in execution, and under which he seeks to subject the property in question, and this issue is found in favor of the claimant, who was the alleged maker of the deed, it is nevertheless competent for the adverse party, even after verdict that the deed was a forgery, to broaden the issue formed upon the claim case, and under that to plead and prove an estoppel in pais arising from representations made by the alleged grantor to the plaintiff in execution to induce him to extend a credit, and upon the faith of which a credit was extended to a third person who was claiming title under the deed as a genuine instrument.
3. After a finding upon the special issue of forgery adverse to the deed, it is not competent to introduce upon the trial of the question of estoppel evidence which relates to and bears alone upon the fact of the execution of the deed.
4. The verdict was supported by the evidence, and the court did not err in refusing to grant a new trial.

Argued June 23, — Decided July 10, 1897.

Levy and claim. Before Judge Hutchins. Jackson superior court. August term, 1896.

*H. H. Perry* and *E. C. Armistead,* for plaintiff.
*W. I. Pike,* contra.

ATKINSON, J.    The questions made in this case arose upon the following state of facts.    An execution in favor of P. J. Roberts against W. D. and N. H. Hutchins was levied on certain land, to an undivided one-fifth interest in which a claim was interposed by Mrs. Roberts, a sister of the defendants in execution.    In the course of the trial the plaintiff introduced a deed conveying the land to the defendants in fi. fa., purporting to have been executed by the claimant and three other persons; whereupon she filed an affidavit of forgery as to her signature thereto.    As soon as this affidavit was presented, the plaintiff offered an amendment to the issue formed upon the claim.    The court refused to allow the amendment at that time, and ruled that an issue must be formed upon the genuineness of the deed, and tried separately from the claim case. Upon joinder of issue of forgery, the plaintiff again offered the same allegations as an amendment to that issue; but the court again declined to allow the amendment, holding that it was not pertinent to the issue of forgery.    These rulings are assigned as error.    The court certifies, that there was no suggestion that the object of the amendment was to obviate the necessity of trying the issue of forgery separately from that in the claim case; and that plaintiff offered no evidence on the question of forgery when that issue was on trial.    The amendment so offered is as follows:    The execution is based on a debt due by defendants in fi. fa. for money loaned them by plaintiff.    In order to secure said loan and to induce plaintiff to lend them the money, they represented to him that they were the owners of the land levied on, and offered to execute to him a deed thereto, to secure said loan.    They exhibited to him a deed to the land to themselves, purporting to be signed by claimant, regularly witnessed and attested, profert of which is made.    Before plaintiff would accept the security or lend the money, he went personally to claimant and asked her if it was all right, alluding to said deed from her; and she told him the papers were all right.    Believing their statement to be true and acting upon it and induced by it, he loaned defendants

in fi. fa. the money and took their deed to the land to secure the loan. Claimant either signed said deed from herself to defendants in fi. fa., or authorized some one to do so for her, and that with the knowledge that it was to be used to procure a loan from plaintiff. Wherefore she is estopped from setting up a claim to any interest in the land as against plaintiff's judgment, and from denying her signature to the deed purporting to be from her to defendants in fi. fa.

The only evidence on the trial of the issue of forgery was the testimony of claimant, viz.: I never signed the deed offered in evidence, and never authorized my brother W. D. Hutchins, or any one else, to sign my name to it. My brother had offered to buy my interest in the land, and I agreed to sell it for $200. He brought the deed to me to sign, but did not bring the money; and· I refused to sign it unless he paid the $200. Had he paid the $200, it would have been all right. I did not tell Mr. Farr that I had authorized my brother to sign the deed; I told him I asked my brother why he had not gone ahead and signed my name to it as he had done before. He had signed my name to a deed before, and I was throwing it up to him.

After verdict for the claimant on the issue of forgery, the trial upon the claim proceeded. Upon the trial of that case the amendment above set out, and which had been rejected as an amendment to the special issue of forgery, was allowed as an amendment to the issue presented by the plaintiff in execution, after the court had directed that so much thereof as is below quoted should be stricken: "and from denying her signature to the deed purporting to be from her to defendant in fi. fa." A verdict was rendered, finding the interest claimed not subject to the execution. Plaintiff's motion for a new trial was overruled, and he excepted. The motion alleges, in addition to the general grounds, that the court erred:

In not allowing the aforesaid amendment to the issue joined upon the claim, without striking therefrom the words, "and from denying her signature to the deed purporting to be from her to defendants in fi. fa.," to be found at the close of the amendment.

In ruling out the following testimony of W. D. Hutchins: I signed the deed from claimant and others to defendants in fi. fa., by verbal authority of claimant. I had taken charge of mother's farm in order to take care of my parents who were afflicted and in debt; so I proposed to buy all of their claims in order to better the condition of affairs, and succeeded in doing so; but claimant's husband objected to her selling, so she authorized me to sign her name as father did before, stating that she was willing to help me all she could — if she could be of any advantage in that way she was willing to do it; which led me to understand that if by signing her name I could get the money, it would be all right; so I did so.

In ruling out the testimony of W. J. Oliver, that since the making of the deed purporting to have been signed by claimant, she had told him she authorized her brother, W. D. Hutchins, to sign her name to said deed in order to obtain the money for the purpose of relieving her father and mother. The judge states that this was ruled out as irrelevant in the absence of showing that the claimant's declaration so sought to be proved was communicated to plaintiff before he loaned the money.

1. Section 3628 of the Civil Code undertakes to provide a special statutory remedy for determining the question as to whether a registered deed offered in evidence is or is not genuine. Upon the trial of that issue nothing is involved except the mere factum of the deed, the execution of the paper itself. Upon such a trial, any evidence is admissible which would tend to show either that the deed was in fact signed by the person who purported to be the grantor therein, or that it was signed by some person authorized by the grantor to execute the deed for him. This being a special statutory proceeding designed to answer the one purpose of calling in question and trying the one issue as to the execution of the deed, there is no authority of law for drawing into the trial of that issue questions foreign to the fact of execution, and which tend only to raise an estoppel against the alleged grantor. We do not mean to intimate that it is not perfectly competent, by consent and with the approval of the court, to try this issue along with

every other which may be involved in the determination of
the main case; but what we have said above applies to a trial
which involves the determination of the one issue only which
was raised by the affidavit of forgery, as was done in the pres-
ent case.

It will be seen that when the alleged grantor filed the affi-
davit of forgery, the plaintiff in execution offered an amend-
ment to his pleadings, which did not call in question the truth
of her affidavit, but only set up by way of estoppel certain
matters, which, if proved, might have operated to defeat her
claim to the premises. It is manifest from reading the statute,
that upon the trial of the special issue authorized to be made
by the section of the code above referred to, there is no author-
ity of law for enlarging the issue thus presented in the manner
suggested by the amendment offered by the plaintiff in execu-
tion; and the court did not, therefore, err in rejecting the
amendment.

2. It will be seen from the facts which precede this opinion,
that the amendment offered upon the trial of the issue of for-
gery, and rejected by the court, was again offered by the plain-
tiff in execution upon the trial of the main case, and was then
allowed after the court had directed to be stricken therefrom
such portions of it as called in question the execution of the
deed. The special issue of forgery had already been found in
favor of the alleged grantor in the deed, and there was no
error in eliminating from the record anything which sought
again to call in question indirectly a fact which had previously
been directly adjudicated upon the trial of the special issue.
Upon the trial of the claim case it was competent for the plain-
tiff to allege and prove, even though the deed were found to
be a forgery, that the claimant, as against him, was estopped to
set up that such deed was a forgery. This was allowed in the
present case. An examination of the evidence, as it comes to
us certified in the record, shows that it was in direct conflict
upon the question of estoppel. There was testimony by the
plaintiff to the effect that he had loaned the money upon the
faith and strength of the deed which had been shown to be a
forgery, but upon representations made to him by the grantor

that the deed was genuine.   This was directly contradicted by the claimant.   The jury passed upon the issue of fact.   The trial judge approved their finding, and we are not disposed to interfere with his discretion in so doing.   The evidence introduced upon the question of estoppel was not relevant upon the trial of the special issue of forgery, but it was relevant and was properly admitted upon the trial of the main case, and the instructions of the trial judge to the jury upon the trial of that question were full and accurate.

3. Upon the trial of the main case the judge ruled out certain evidence which was offered by the plaintiff and which appears in the record.   The testimony of the witnesses Hutchins and Oliver was properly rejected for the reason that its only purpose was to prove that he had executed the deed in question as the agent of the grantor and at her direction.   This testimony should have been offered upon the trial of the special issue of forgery, but after a verdict upon that issue finding the deed to be a forgery, such evidence was not admissible to again call in question the issue which had already been decided, and indirectly impeach the finding of the jury thereon.   The jury had found that the deed in question was not the act and deed of the grantor.   In the trial of the same case this testimony was offered to disprove this finding.   It was properly rejected by the court.

4. There was some confusion in the record in this case, resulting from the trial of the two issues separately and the making of two motions for new trial; but upon the substantial issues in the case the verdict is abundantly supported by the evidence.   The claimant swore that she had not executed the deed in question nor authorized any one to do so for her.   There was no contradiction of her statement, and, therefore, the verdict that the deed was a forgery was inevitable.   As we have before stated, upon the issue as to whether the claimant was estopped to set up the invalidity of the deed, the testimony was in direct conflict, preponderating in favor of the verdict.   The trial judge was satisfied with the result, and we are not disposed to interfere.

*Judgment affirmed.   All the Justices concurring.*