### SMITH, administrator, *v.* STONE, and *vice versa*.

1. The provisions of the Civil Code, § 3628, that when a registered deed is offered in evidence, the party against whom it is offered may file an affidavit that it is a forgery, and, upon such affidavit being filed, an issue as to the genuineness of the deed shall be made up and tried, are not applicable to a certified copy of a will, duly probated, and admitted to record in the court of ordinary.
2. This was an action for the recovery of land. The court submitted to the jury, along with the issue of title made by the petition and answer, an issue as to whether a will, which had the effect to show title out of the plaintiff, was a forgery. The evidence demanded a finding in favor of the defendant on the issue of title, and any errors that may have been committed by the judge in his rulings relating to the issue of forgery will not require a reversal of the judgment refusing to grant a new trial.
3. Upon the trial of the issue of forgery, authorized to be made under the Civil Code, § 3628, when a registered deed is offered in evidence nothing is involved except the factum of the deed assailed; and when the uncontradicted evidence shows that the deed was executed, a finding that it was a forgery is unauthorized, notwithstanding there may be evidence tending to show that the grantee had, by his conduct and sayings, estopped himself from asserting title under the deed, as against certain persons.

Submitted July 18, 1906.—Decided February 26, 1907.

Complaint for land. Before Judge Mitchell. Berrien superior court. September 11, 1905.

Smith, as administrator of Mary A. S. Ball, brought an action against Stone, to recover a described parcel of land and mesne profits. The defendant filed an answer denying title in the intestate of the plaintiff. The case came on for trial, and the defendant offered in evidence a registered deed from Mrs. M. A. S. Ball to the premises in dispute. The plaintiff filed an affidavit attacking the deed as a forgery. The trial was suspended, and an issue of forgery made and tried. The jury returned a verdict finding the deed a forgery. The defendant made a motion for a new trial, which was overruled, and exceptions pendente lite were filed to this judgment. The case came on for trial again, at a subsequent term of the court, and the plaintiff introduced evidence tending to show that his intestate died in possession of the land, and had been in possession for more than 20 years prior to her death. The defendant offered in evidence a certified copy of the will of Mrs. Ball, which had been proved in common form, containing a devise to E. V. Ball of the premises in dispute. When this evidence was offered, the plaintiff filed an affidavit that the will was a forgery, and the judge, over objection of defendant, caused an issue to be made up as to the genuineness of the will. This issue was submitted to the jury, along with the issue made by the petition and answer. The judge held that the effect of the filing of this affidavit was to impose upon the defendant the burden of showing that the will was genuine. The jury returned a general verdict for the defendant. The plaintiff made a motion for a new trial, upon various grounds, which was overruled; and in the bill of exceptions he assigns error upon this judgment. The defendant, in a cross-bill of exceptions, assigns error upon the action of the judge in causing to be made up a special issue in reference to the genuineness of the will, and in ruling that upon such issue the burden was on the defendant to show that the will was genuine. Error is also assigned upon the refusal to grant a new trial on the issue of forgery, made up when the deed was offered in evidence, and upon other rulings made during the progress of the case, which are the subject of exceptions pendente lite.

*Hendricks, Smith & Christian,* for plaintiff.

*Buie & Knight* and *H. B. Peeples,* for defendant.

COBB, P. J. (After stating the facts.)

1. The assignment of error in the cross-bill of exceptions, relating to the issue made up as to the genuineness of the will, will be first considered, for the reason that the ruling we make in reference thereto will dispose of many of the grounds in the motion for a new trial filed by the plaintiff. We know of no law which authorizes a special issue of forgery to be made up in the superior court, upon an affidavit filed by a party to the cause that the will under which his adversary claims title is a forgery. Section 3628 of the Civil Code, which provides that a special issue of forgery shall be made up when an affidavit is filed that a deed is a forgery, is, by its terms, applicable only to a registered deed. There is nothing in that section which authorizes such a procedure in the case of a will; nor does it embrace all deeds, but only the deeds which have been registered in strict conformity to law. If the deed has been registered, but not in the proper place, or not in the proper manner, then this section of the code does not apply. The procedure is purely statutory, is strictly construed, and it would be doing a violence to the terms of the section to hold that the word "deed" embrace a will, especially since it has been more than once held that the word "registered" is to be strictly construed, and to mean only a deed lawfully registered. See *Sibley* v. *Haslam*, 75 *Ga.* 490; *Kennedy* v. *Harden*, 92 *Ga.* 230; *McArthur* v. *Morrison*, 107 *Ga.* 796. The court erred in allowing the affidavit that the will was a forgery to be filed, and in making up a special issue in reference to the genuineness of the paper. Of course, if the will is a forgery, there is a way in which an attack may be made upon it on this ground. The law does not, however, authorize an attack to be made in the manner followed in the present case. The heirs of a decedent may call upon the executor under a will, which has been proved in common form of law, to prove the same in solemn form before the court of ordinary, provided they move within the time prescribed by law. When the executor attempts to prove the will in solemn form, they may interpose their caveat, attacking the will as a forgery, or upon any other ground of attack to which it may be subject. The issue of forgery was entirely foreign to this case, and hence this judgment will not be conclusive on this question.

2. The motion for a new trial contains, besides the general

grounds, numerous special assignments of error, but all of them, with possibly one exception, deal with rulings in reference to the issue of forgery which the court caused to be submitted to the jury. In the view which we take of the general grounds of the motion, it becomes necessary to refer to only one of the special assignments of error. Complaint is made that the court erred in admitting in evidence the certified copy of the will, upon the ground of an abrasion in the will, and words being written over where other words had been erased, these words being in a different ink from that in which the other portions of the will are written; and that the word "Ball," in the signature of the testatrix, was written through the seal and over it, and in a different ink from that used in the body of the will; that where one of the witnesses signed there was an erasure; and one witness signed in a different ink from that used by other witnesses, and that in which the body of the will appeared to have been written. These objections seem to have been urged to the admission of the certified copy, but the erasures, etc., which were the grounds of the objections, appear, from the assignment of error, to have been in the original will itself. If the certified copy was in due form, as it appears to be, it was no ground of objection to the admission of this certified copy that the original will was different therefrom. The original will is not evidence. *Robertson* v. *Hill,* ante, 175. A certified copy from the records of the ordinary is the only proper evidence of the contents of such a paper. If the certified copy was not correct, the remedy of the party objecting to it was to secure a correct copy of the will as it had been entered on the records, and not to produce what purported to be the original will, and thus impeach the certificate of the ordinary that the copy certified by him was correct. All these questions as to whether the paper was the last will of the alleged testatrix are matters within the jurisdiction of the court of ordinary, to be determined either when the executor offers the will for probate in solemn form, of his own motion, or when he is compelled to do so upon the application of some heir at law or other person entitled, under the law, to call for probate in solemn form. There was no error in admitting in evidence the certified copy of the will, as against the objections urged.

This brings us to the consideration of the general grounds of the motion for a new trial. The plaintiff made out a prima facie

case by showing title in Mrs. Ball at the time of her death. The certified copy of the will of Mrs. Ball showed title out of her. As has been held, no attack could be made upon the validity of the will in this proceeding. The evidence, therefore, demanded a finding for the defendant on the issue of title. Such being the case, any errors that might have been committed by the judge in submitting to the jury the issue made up on the affidavit of forgery will not authorize a reversal of the judgment overruling the motion for a new trial.

3. The only other question necessary to be dealt with is the assignment of error in the cross-bill of exceptions, upon the refusal to set aside the verdict finding the deed from Mrs. Ball to E. V. Ball to be a forgery. While the defendant has succeeded in defeating the suit in the manner indicated above, and the issue of forgery as to the deed can not be again tried in this case, still, as long as that judgment stands, the defendant will be estopped as to the validity of the deed, so far as the heirs and legal representatives of Mrs. Ball are concerned. It is therefore proper that this question should be now determined. The uncontradicted evidence on this issue established the factum of the deed. Under such circumstances the verdict was unauthorized. There was evidence tending to establish what might operate as an estoppel upon E. V. Ball, but this was not relevant to the issue, and could not be the basis upon which to rest a finding that the deed was never executed. *Roberts* v. *Roberts,* 101 *Ga.* 765. The judgment upon the cross-bill will be reversed, with direction that the verdict finding the deed to be a forgery be set aside, and the affidavit of forgery as to the deed and the issue formed thereon be stricken.

*Judgment, on main bill of exceptions, affirmed; on cross-bill, reversed, with direction. All the Justices concur, except Fish, C. J., absent.*