## STRICKLAND *v.* BABCOCK LUMBER COMPANY.

1. Where the burden is upon a party offering a recorded deed in evidence to establish the genuineness of the deed, an affidavit of forgery having been filed under the provisions of section 4210 of the Civil Code, it will not suffice, after having shown the death of the two attesting witnesses to the deed, to prove the genuineness of the signature of the attesting witnesses; but in order to carry the burden the plaintiff should go further and introduce that which is declared by the code to be primary evidence,—that is, proof of the actual signing by the alleged maker of the deed, or of the genuineness of his signature affixed thereto, or that such evidence is not attainable.
2. Had the evidence which was offered by the plaintiff been admitted and taken as true by the court and jury, it should not have changed the result.
3. The deeds relied upon by the plaintiff having been found to be forgeries, a verdict adverse to the plaintiff upon the chief issue necessarily followed.
JULY 17, 1914.

Complaint for land. Before Judge Worrill. Miller superior court. January 27, 1913.

*W. I. Geer,* for plaintiff. *T. S. Hawes,* for defendant.

BECK, J. Strickland brought suit against Babcock Lumber Company for the recovery of a lot of land. He attached to his petition the abstract of title relied on, which embraced five different deeds.

An affidavit of forgery was filed as to each of these deeds, and the issue raised by the affidavit of forgery was tried separately. One of the deeds was found by the jury, under direction of the court, to be a forgery, and the jury returned a verdict finding that the other deeds were forgeries. The jury also returned a verdict in the main case in favor of the defendant, the plaintiff admitting that without the deeds which had been found to be forgeries he could not make out his case. A motion for a new trial was overruled, and to this ruling the plaintiff excepted.

1. There is one controlling question in this case; and that is, whether the court erred in directing the jury to find that a certain deed contained in the abstract of title, and a necessary link in plaintiff's chain of title, was a forgery. It is provided in section 4210 of the Civil Code that "A registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed." The effect of a verdict upon the trial of the special issue made by an affidavit of forgery is to settle the question of the genuineness for all purposes of the trial in chief. Neither party will thereafter be permitted to allege or to prove, in contravention of the verdict, that the deed is or is not genuine; and the finding on the special issue is conclusive upon the parties and privies, not only as to the present but also as to all future litigation; that is, as to the direct question of the factum of the deed. Powell's Actions for Land, 205 et seq.; *Roberts* v. *Roberts,* 101 *Ga.* 765 (29 S. E. 271); *Smith* v. *Stone,* 127 *Ga.* 483 (56 S. E. 640). A certain deed in this case, purporting to be a deed executed by one J. P. Newell, conveying the land in controversy to C. H. Smith, had as subscribing witness one Shaw and one Holzendorf, J. P. The death of both Shaw and Holzendorf was proved, and there was evidence tending to show that the signature of the attesting witness Holzendorf was genuine. Whether Newell, the grantor, was dead, does not appear, nor was there any evidence as to the genuineness of his signature adduced. The court at first rejected the deed, and then admitted it on the trial of the special issue, but directed the jury to find that it was a forgery; and this ruling is

complained of as error. We are of the opinion that there is no merit in the exception. It was proper on the trial of this special issue to settle the question of the genuineness of this deed. It was for that purpose the special issue was made up and submitted to a jury. The burden of proving the genuineness of it was upon the plaintiff; and unless he carried that burden, a verdict against him was properly directed. That was a question to be settled before the trial of the chief issue was entered upon. The deed itself was not over thirty years of age. To escape the condemnation of an adverse verdict at the hands of a jury, it was necessary for the party offering it as evidence to establish its genuineness. The only evidence which he offered to show this was the proof which we have recited above,—that is, of the death of the two attesting witnesses and of the genuineness of the signature of one of those witnesses. No evidence was offered to prove the handwriting of the maker of the instrument, nor the genuineness of his signature; nor was it shown that such evidence was unattainable. While under the provisions of our code relative to proof of execution of deeds prior to the act approved December 16, 1895, entitled "An act to authorize any written instrument to be admitted in evidence when the subscribing witnesses are dead," etc. (Acts 1895, p. 90), the rule was that an unrecorded instrument purporting to be a deed, signed by one person as maker and two other persons as witnesses, was admissible in evidence upon proof of the death of the subscribing witnesses and further proof of the genuineness of the signature of one or both of the witnesses, and no proof as to the genuineness of the signature of the grantor was necessary, a different rule came into existence by the passage of the act referred to above. That act is now embraced in section 5834 of the Civil Code, and reads as follows: "Whenever the subscribing witnesses to an instrument in writing are dead, insane, incompetent, or inaccessible, or, being produced, do not recollect the transaction, then proof of the actual signing by, or of the handwriting of, the alleged maker shall be received as primary evidence of the fact of execution; and if such evidence be not attainable, the court may admit evidence of the handwriting of the subscribing witnesses, or other secondary evidence, to establish such fact of execution." What was said by Mr. Justice Atkinson in the case of *McVicker* v. *Conkle,* 96 *Ga.* 584 (24 S. E. 23), related to the rule of evidence in regard to the proof

of execution of deeds before the passage of the act of 1895. It will be observed in that case that the writer of the opinion, as well as another Justice of this court, was of the opinion that the rule which is referred to as existing prior to the act of 1895 was a technical rule and one which prevailed over right reason in relation to the subject; and the writer suggested, in the course of his opinion, that since no better reason could be assigned for the existence of this rule than its antiquity, and since under conditions at that time existing the reason of the rule had long since ceased, the legislature might well abrogate it, and substitute therefor another, less arbitrary, less technical, and better adjusted to our judicial system. It will be seen that the suggestion is that evidence of the genuineness of the signature of the maker of an instrument will be more pertinent and of more value, in the investigation of the genuineness of an instrument, than evidence as to the handwriting of the witnesses. And the General Assembly of the State which met next after the publication of that opinion enacted the law which is embraced in section 5834 of the Civil Code, quoted above. As we understand it, under that act, whenever the subscribing witnesses to an instrument in writing are dead, proof of the actual signing by, or of the handwriting of, the alleged maker shall be received as primary evidence of the fact of execution; and when the plaintiff in this case, in order to establish a deed, relied upon the proof of the handwriting of the witnesses who were dead, instead of offering proof of the handwriting of the alleged maker of this instrument, he failed to offer that which the code itself makes the primary and best evidence. And having failed to make any proof of the actual signing of the deed by direct testimony or by proof of handwriting, he failed to carry the burden which rested upon him in the trial of the special issue made by the affidavit of forgery, and the court properly directed the jury to so find.

2. Had the evidence which was offered by the plaintiff been admitted and taken as true by the court and jury, it should not have changed the result.

3. The deeds relied upon by the plaintiff having been found to be forgeries, a verdict adverse to the plaintiff upon the chief issue necessarily followed.

*Judgment affirmed. All the Justices concur.*