*Lindley Camp* and *D. W. Blair,* contra.

---

## HAITHCOCK, administrator, *v.* SARGENT.

1. A statutory affidavit of forgery, as contemplated by the Civil Code, § 4210, is a special pleading to be employed solely as a basis for raising and trying an issue as to the genuineness of a recorded deed which is offered in evidence on the trial of another case.

(a) An amendment to a petition in an action of complaint for land by an administrator, wherein it is alleged that the records of the county show the record of a deed by the plaintiff's intestate to a third person, which purports to convey the land in dispute, and that if the reputed grantee has such a deed it is a forgery, and it is also alleged that the third person is in collusion with the defendant in withholding possession of the land from the plaintiff, and it is prayed that such third person be made a party defendant, is not a statutory affidavit, although the

amendment is sworn to by the plaintiff "to the best of his knowledge and belief."

2. The amendment to the petition introduced the issue as to the genuineness of the deed; and there being no statutory affidavit of forgery, the burden of proof on such issue was upon the plaintiff.

3. The verdict for the defendant was authorized by the evidence.

APRIL 13, 1916.

Complaint for land. Before Judge Patterson. Cherokee superior court. April 29, 1915.

W. D. Mills and J. Z. Foster, for plaintiff.

N. A. Morris, G. D. Anderson, and J. G. Roberts, for defendant.

ATKINSON, J. 1. In an action of complaint for land a verdict was returned for the defendant. The plaintiff excepted to a judgment refusing a new trial. One question raised by the bill of exceptions is whether a certain amendment to the petition could be given effect as a statutory affidavit of forgery, as authorized by the Civil Code, § 4210. The suit appeared to have been instituted originally by J. M. Haithcock, as administrator of the estate of Jane Edwards, against S. K. Edwards alone, who was alleged to be in possession. The sources of title alleged were certain deeds to the plaintiff's intestate, one executed in 1883, the other in 1888, and both recorded in 1890 in the general records of the county, and continuous possession from the date of the deeds to the time of death of the intestate, which occurred on October 29, 1906. The amendment to the petition, after stating the caption and certain formal parts, was as follows: "That the records and deeds of Cherokee county show that Margaret Edwards Sargent holds a deed to this same lot of land, to wit: lot of land No. 268, in the 13th district and 2nd section of Cherokee county, Georgia. Par. 2. Petitioner charges that if she holds such a deed, that the same is a forgery, and that said deed was never signed by the deceased, Jane Edwards, but which said deed purports to be made and executed by Jane Edwards to Margaret Sargent, dated October 29, 1906. Par. 3. Petitioner is informed and believes that said Margaret Edwards Sargent is holding said land jointly with S. K. Edwards, and that it is a fraudulent compact between them to hold said land as against the lawful heirs of Jane Edwards, deceased. Par. 4. Petitioner charges that said Margaret Edwards Sargent is not a resident of the State of Georgia, but that she is a resident of the State of Texas. Wherefore petitioner prays that this case stand as it is now, and that the court pass an order allowing

service to be perfected by publication on the defendant Margaret Edwards Sargent, and that she be made a party defendant jointly with the said S. K. Edwards." It was signed by the plaintiff's attorney, and attached thereto was an affidavit by the plaintiff "that the facts set forth in the above and foregoing amendment are true to the best of his knowledge and belief." The date of the affidavit was April 4, 1914, and it contained an entry of filing dated April 11, 1914. On the date last mentioned an order was taken, making Margaret Edwards Sargent a party defendant, and it was ordered that she be served by publication. On February 27, 1915, Margaret Edwards Sargent filed an answer, and the case proceeded to trial before a jury on the same day. The statute relative to the raising of an issue as to forgery of a deed by affidavit (Civil Code, § 4210) is as follows: "A registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed." It has been held that where such an affidavit has been made as to the genuineness of a recorded deed, the issue should be separately tried; but that if by consent of the parties it be tried together with the main case, the burden of proof in respect to the forgery will be on the same party as if the special issue were tried by itself, and that upon such issue of forgery the burden of proof is upon the party who offers the deed to show its genuine character. *Hill* v. *Nisbet,* 58 *Ga.* 586; *Vickers* v. *Hawkins,* 128 *Ga.* 794 (7), 799 (58 S. E. 44); *Sapp* v. *Cline,* 131 *Ga.* 433 (62 S. E. 529). In *Roberts* v. *Roberts,* 101 *Ga.* 765 (29 S. E. 271), in speaking of the statute above mentioned it was said, in the course of the opinion: "The Civil Code undertakes to provide a special statutory remedy for determining the question as to whether a registered deed offered in evidence is or is not genuine. Upon the trial of that issue nothing is involved except the mere factum of the deed, the execution of the paper itself. Upon such a trial, any evidence is admissible which would tend to show either that the deed was in fact signed by the person who purported to be the grantor therein, or that it was signed by some person authorized by the grantor to execute the deed for him. This -

being a special statutory proceeding designed to answer the one purpose of calling in question and trying the one issue as to the execution of the deed, there is no authority of law for drawing into the trial of that issue questions foreign to the fact of execution, and which tend only to raise an estoppel against the alleged grantor. We do not mean to intimate that it is not perfectly competent, by consent and with the approval of the court, to try this issue along with every other which may be involved in the determination of the main case; but what we have said above applies to a trial which involves the determination of the one issue only which was raised by the affidavit of forgery, as was done in the present case." See also *Kelly* v. *William Sharp Saddlery Co., 99 Ga.* 393 (27 S. E. 741). In *Smith* v. *Stone, 127 Ga.* 483, 485 (56 S. E. 640), it was said in substance that the procedure is purely statutory and should be strictly construed. Where a party attacks a registered deed which is about to be used against him as evidence on the trial, by an affidavit of forgery under the statute, he gains a distinct advantage by making the affidavit, in that, according to the uniform rulings of this court, he shifts the burden of proof, so that instead of the burden being upon him to prove the forgery, the burden is placed upon the party seeking to introduce the deed to prove, independently of the registry thereof, the genuineness of the instrument. *DeVaughn* v. *McLeroy, 82 Ga.* 687, 703 (10 S. E. 211); Powell on Actions for Land, § 204, par. 2, and cases cited. The statute contemplates, as indicated by its language, an affidavit by a party to a pending case as to the genuineness of a recorded deed which is about to be used against him; and, as stated in *Roberts* v. *Roberts,* supra, the affidavit should include only the single issue as to the genuineness of the deed, and the issue thus made must be tried separately, unless by express consent of the parties it be tried along with the main case. Under a strict construction of the statute, the amendment above set forth, although verified by the affidavit of the plaintiff, does not amount to a statutory affidavit of forgery. It was filed a year before the trial of the case on its merits, as a basis for making a new party defendant to the suit and a recovery against such defendant; and, anticipating that the defendant, when made a party, might urge the deed against the right of the plaintiff to recover, the amendment alleged that if the defendant held such a deed it was a

forgery. When this was done the alleged grantee in the deed had not been served as a party, or appeared; nor had there been any proposal to introduce the deed in evidence on the trial of the case; nor was the deed before the court in any manner, so that an issue as to its genuineness could be made up between the parties to the pending case, to be tried separately as required by the statute, or along with the main case as the parties might consent. Under all the circumstances, while it is proper to regard the amendment merely as pleading, in order to support which the burden would be upon the plaintiff to prove the allegations made by him, the paper was not a compliance with the statute on the subject of making the issue of forgery.

2. The judge charged the jury: "Where the plaintiff in his petition anticipates the production of the deed and bases his right to recover alone upon the fact that the deed is a forgery, and so alleges in his petition, in a case of this kind the burden of proof would be upon the plaintiff to show that the deed was a forgery." There was no affidavit of forgery attacking the deed referred to. It was merely contended upon the trial that the pleading mentioned in the preceding division of this opinion amounted to such an affidavit, which contention was untenable, as indicated above. What would be the effect of an affidavit of forgery as to the deed must, therefore, be eliminated from the case. There were admissions in the plea filed by the defendant that the plaintiff's intestate at one time owned the land, and the plaintiff introduced the deeds hereinbefore mentioned under which his intestate claimed, and testimony to the effect that she continuously resided on the land from the date of the deeds to the time of her death. This was sufficient to make out a prima facie case in favor of the plaintiff. The defendant, however, introduced a duly recorded deed from the plaintiff's intestate to herself, conveying the land in dispute. A deed by the intestate conveying the land to the defendant would overcome the prima facie case made out by the plaintiff, because it would show that the title which had been shown to be previously vested in the intestate had passed out of her into the defendant before the death of the former. The only position left for the plaintiff to take was that there was no such deed, and he took that position by alleging that· the deed was a forgery, an allegation which was denied by the defendant. The controlling issue, there-

fore, was upon the question thus raised; and as no affidavit of forgery had been filed, the burden of proving the forgery rested upon the plaintiff. Unless he carried the burden, he could not recover. Under the circumstances of the case, the charge of the court furnishes no ground for reversal.

3. It was contended by the plaintiff that the deed to the defendant was prepared by certain persons on the day after the death of the plaintiff's intestate, and dated back, and that the intestate's name was signed thereto before the corpse had been interred. It was contended by the defendant that the deed was executed by the plaintiff's intestate on the day of her death and shortly before she died. There was sufficient evidence for the defendant to authorize the verdict in her favor, and we can not say that there was an abuse of discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*