No. 7572. APRIL 16, 1930.

RICHARDS *v.* SMITH.

No. 7315. APRIL 17, 1930.

*Joseph M. Lang* and *M. B. Eubanks,* for plaintiff in error.
*Wright, Wright & Covington,* contra.

RUSSELL, C. J. T. L. Smith brought a statutory complaint for land against Mrs. V. B. Richards. At the close of the evidence

the court, upon motion of counsel for the plaintiff, directed a verdict finding the plaintiff entitled to possession of the premises in dispute. The defendant filed exceptions pendente lite to the direction of the verdict, and also made an assignment of error upon the direction of the verdict one of the grounds of the motion for a new trial. In the bill of exceptions error is assigned both upon the exceptions pendente lite and to the judgment refusing a new trial. Upon the plaintiff offering a deed in evidence the defendant tendered an affidavit of forgery, as follows: "that a certain deed purported to be from Mrs. V. B. Richards as grantor to T. L. Smith as grantee, dated August 21, 1925, recorded in Book 124 page 400 of deeds in the office of the clerk of the superior court of Floyd County, on July 6, 1926, and tendered in evidence by the plaintiff in the above-stated case, is to the best of knowledge and belief of said deponent a forgery, for that said deed was never delivered, and that the execution of the same was never completed by delivery by said purported grantor or any one authorized so to do for her; that the grantee named therein did not receive possession of said deed rightfully, but by some fraud or subterfuge or trick unknown to deponent the grantor therein. Said deed purports to convey the premises in dispute in the above-stated case. This affidavit is tendered under the provisions of the statute of Georgia, in order that issue may be formed and tried as to the genuineness of said deed." The court refused to submit this special issue to a jury; holding that the affidavit of forgery was insufficient to put the plaintiff on proof as to the execution of the deed, and admitted the deed in evidence. Exceptions pendente lite were presented to this ruling of the court, and error is assigned in the bill of exceptions also on these exceptions pendente lite. Reviewing the trial in chronological sequence, we shall first consider the exception to the ruling of the court in holding the affidavit of forgery insufficient to cast upon the plaintiff the burden of proving that his deed was genuine. Section 4210 of the Civil Code of 1910 provides that "A registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed."

■ It will be noted that the provision of our Code is confined to the issue as to the genuineness of the deed attacked by an affidavit of forgery. And it will be observed that the affidavit tendered in the instant case lays stress upon the alleged failure of the maker of the deed to *deliver* it. As indicated by its language, the Code section contemplates an affidavit by a party to a pending case as to the genuineness of a recorded deed which is about to be used against him; and, as held in *Roberts* v. *Roberts,* 101 *Ga.* 765 (29 S. E. 271), "The Civil Code undertakes to provide a special statutory remedy for determining the question as to whether a registered deed offered in evidence is or is not genuine. Upon the trial of that issue nothing is involved except the mere factum of the deed, the execution of the paper itself. Upon such a trial, any evidence is admissible which would tend to show either that the deed was in fact signed by the person who purported to be the grantor therein, or that it was signed by some person authorized by the grantor to execute the deed for him. This being a special statutory proceeding designed to answer the one purpose of calling in question and trying the one issue as to the execution of the deed, there is no authority of law for drawing into the trial of that issue questions foreign to the fact of execution, and which tend only to raise an estoppel against the alleged grantor." It seems from the record in the case at bar that the execution of the deed to which the so-called affidavit of forgery was directed is admitted, and to have submitted the issue as insisted by the defendant in the lower court would have violated the purpose for which the provision stated in section 4210 of the Code was designed. As said in *Smith* v. *Stone,* 127 *Ga.* 483, 485 (56 S. E. 640), "The procedure is purely statutory, is strictly construed." Where a party attacks a registered deed which is about to be used against him as evidence in a trial, by the statutory affidavit of forgery, he gets a distinct advantage by the making of the affidavit in that he shifts the burden of proof so that instead of the burden being on him to prove the forgery the burden is placed upon the party seeking to introduce the deed to prove independently of the registry thereof the genuineness of the instrument. *DeVaughn* v. *McLeroy,* 82 *Ga.* 687, 703 (10 S. E. 211); Powell on Actions for Land, § 204, par. 2, and cit. As evident from its language, section 4210 of the Code contemplates an affidavit by a party to a pending cause as to the genuineness of a

recorded deed which is about to be used against him, and the affidavit should include only the single issue as to the genuineness of the deed. The issue thus made is to be tried separately, unless by express consent of the parties it be tried along with the main case.

■ The only attack made upon the validity of the deed by the defendant in her evidence was as to the non-delivery of the deed. It does not appear in the evidence that the defendant herself delivered or authorized the delivery of the deed, as, when, and for the purpose for which it was delivered to Dr. Smith. However, upon this issue the value of the land was irrelevant, and the judge did not err in rejecting evidence offered in behalf of the defendant upon that subject.

■ The ruling contained in the third headnote requires no elaboration further than to say that though the affidavit of forgery was insufficient to raise any question as to the execution of the deed, and the question of delivery or non-delivery of the deed could not be raised by means of such affidavit, the defendant was not thereby precluded from her right to prove that the deed, though genuine, was not delivered or intended to be delivered as a muniment of title, and had the right to show that it was never in fact delivered with her consent. Without recapitulating the evidence, we are satisfied that the verdict directed by the court was not demanded by the evidence, and there are numerous circumstances which raise an issue of fact as to the delivery of the deed in question, which should have been submitted to the jury for its determination. For this reason the judge erred in directing a verdict for the plaintiff, and in overruling the motion for a new trial.

*Judgment reversed. All the Justices concur.*