TAYLOR *et al. v.* PERDUE *et al.; et vice versa.*

Nos. 17040, 17044.   April 10, 1950.

*Clifford Seay* and *Dobbs & Whitmire*, for plaintiffs.

*R. C. Johnson* and *Edwin Fortson*, for defendants.

WYATT, Justice. ■ It is contended that the trial court committed error in refusing to admit in evidence proof of the fact that possession of the property in question was not delivered to the grantee at the time of the execution of the deed in question, or at any time before the death of the grantor. This question arose during the trial of the issue of forgery. The deed in question purported to have been executed by a mother to her daughter.

"Upon the trial of the issue of forgery authorized to be made under section 3628 of the Civil Code, nothing is involved except the factum of the deed assailed, and consequently there is no authority for enlarging such an issue so as to enable the jury empanelled to try it to pass upon the merits of an alleged estoppel in pais." *Roberts* v. *Roberts*, 101 *Ga.* 765 (1) (29 S. E. 271). " 'The procedure is purely statutory, is strictly construed.' Where a party attacks a registered deed which is about to be used against him as evidence in a trial, by the statutory affidavit of forgery, he gets a distinct advantage by the making of the affidavit in that he shifts the burden of proof so that instead of the burden being on him to prove the forgery the burden is placed upon the party seeking to introduce the deed to prove independently of the registry thereof the genuineness of the instrument." *Richards* v. *Smith*, 170 *Ga.* 398, 400 (153 S. E. 44).

In the instant case, on the trial of the issue of forgery, there was positive testimony of a witness to the effect that she saw the deed in question signed and delivered. The two subscribing witnesses were dead, but there was positive testimony identifying the signatures of both the subscribing witnesses. None of this testimony was contradicted.

We do not pass upon the question of whether or not the testimony concerning possession was admissible, or whether or not

the question was properly presented to the lower court. We hold, under the facts in this case, in view of the above-stated positive testimony—all of which was uncontradicted—that the circumstance that possession of the property was not delivered by the mother to her daughter, and the circumstance that the deed was not placed of record for a period of almost 20 years, even if admitted in evidence, could not have produced a result different from the verdict that was directed on the issue of forgery.

■ It is contended that a new trial should have been granted because of newly discovered evidence. The alleged newly discovered evidence was certain allegations made by the defendant in error in previous litigation and her testimony given in the trial of the case. This litigation was a matter of public record in the county in which the instant case was tried. "The newly discovered evidence being matter of record, equally accessible to both parties, the court below held that the defendant had not exercised proper diligence in endeavoring to procure it. It may be stated to be an established rule, that a new trial will not be granted on account of evidence discovered after the trial, which, by using due diligence, might have been discovered before." *Beard* v. *Simmons*, 9 *Ga.* 4.

The plaintiffs in error, in their affidavit attached to the alleged newly discovered evidence, all disclose that they knew about the litigation upon which the alleged newly discovered evidence was predicated at the time it was pending. One of the plaintiffs in error testified as a witness in the proceeding. They all say that they had forgotten about the proceeding until the matter was called to their attention after the trial of the instant case. "We could not send this case back on account of the newly discovered evidence. If the forgetfulness of a party, at the trial, of a material fact, were held to be a sufficient reason to grant a new trial, it would be productive of great mischief, by encouraging the grossest neglect in the preparation of a cause." *Gaulden* v. *Lawrence*, 33 *Ga.* 159, 161.

It follows, this contention is without merit.

■ It is next contended that one of the plaintiffs in error, J. Irven Taylor, is protected as to the interests of two of the heirs of the mother of the parties to this litigation, for the reason

that he bought these two interests in the estate from M. F. Elliott, who had purchased the interests of two of the children. J. Irven Taylor admits that he purchased these two shares or interests with notice, but says Elliott, from whom he purchased, was a purchaser without notice, for the reason that at the time he, Elliott, purchased, the deed under which the plaintiff in error claims had not been placed of record, and that therefore Taylor is protected under the provisions of Code § 37-114, which provides: "If one with notice shall sell to one without notice, the latter shall be protected; or if one without notice shall sell to one with notice, the latter shall be protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value."

The record in the instant case discloses that, at the time Elliott purchased his two shares or interests under consideration, the defendant in error was in possession of the property in question. "Actual possession of land is notice to the world of a claim thereto, and one who, knowing land to be held by one person, buys it from another, will be charged with notice of an unrecorded deed held by the party in possession." *Atkins* v. *Paul*, 67 *Ga.* 97 (2). See also *Benenson* v. *Evans*, 162 *Ga.* 578 (134 S. E. 441); *Cogan* v. *Christie*, 48 *Ga.* 585; and cases listed in Vol. 20, p. 871, Key No. 232, Ga. Digest.

It follows, Elliott was not an innocent purchaser without notice, and is therefore not protected by the provisions of the Code section quoted above. Under the rulings made, it follows, there was no error in directing a verdict on both the forgery issue and the main case.

Since the judgment of the trial court is being affirmed, no ruling will be made on the questions raised by the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*