### 20597. HALL *v.* THE STATE.

SUBMITTED SEPTEMBER 17, 1959—DECIDED OCTOBER 9, 1959.

*Leitson & Dean, D. L. Hollowell,* for plaintiff in error.

*Paul Webb, Solicitor-General, E. L. Tiller,* contra.

HEAD, Justice. The record is silent as to why the sentence imposed on the plaintiff in error has not long since been terminated and completed by service. If so served, he could not again be placed in jeopardy even on his own motion for new trial. If the defendant escaped, and has not served his sentence, and should now not be in the custody of the proper authorities of this State, he would not, as a matter of law, be entitled to have the record of his former trial reviewed. *Gentry* v. *State,* 91 *Ga.* 669 (17 S. E. 956). Since there is no proper showing as to the facts referred to, we will not assume a state of facts to exist not shown by the record, and will therefore dispose of the case on the legal questions.

There is not attached to the extraordinary motion for a new trial any affidavit by the movant, or any affidavit by counsel representing him on his trial, to the effect that they did not know of the matters and things set forth in his extraordinary motion at the time he was tried and could not have discovered them by the exercise of reasonable diligence. Such affidavits are essential to an extraordinary motion for new trial where newly discovered evidence is relied on. Code § 70-205; *Redding* v. *State,* 183 *Ga.* 704 (189 S. E. 514); *Mills* v. *State,* 193 *Ga.* 139 (17 S. E. 2d 719); *Taylor* v. *Perdue,* 206 *Ga.* 763 (58 S. E. 2d 902); *Hart* v. *State,* 207 *Ga.* 599 (63 S. E. 2d 390). There is an affidavit by present counsel for the movant to the effect that "he believes and has reason to believe that the matters contained therein are true." In his brief filed in this court present counsel for movant states: "It would be hypocrisy bordering upon fraud to claim that by due diligence the affiant now discovered the fact of discrimination in jury selection which was common knowledge in 1939."

Grounds relied on for showing illegality of the grand jury returning an indictment should be by a proper challenge to the

array of grand jurors before the indictment is found, where the illegality is known, or if not known by the defendant or his attorney before indictment, by plea in abatement to the indictment. Where there is neither challenge to the array nor plea in abatement, such questions can not be raised for the first time in a motion for new trial. *Edwards* v. *State,* 121 *Ga.* 590 (2) (49 S. E. 674); *Lumpkin* v. *State,* 152 *Ga.* 229 (7) (109 S. E. 664); *Cornelious* v. *State,* 193 *Ga.* 25, 30 (5) (17 S. E. 2d 156); *Williams* v. *State,* 199 *Ga.* 504, 507 (3) (34 S. E. 2d 854).

"It is settled law in this State that, when a panel of jurors is put upon the prisoner, he should challenge the array for any cause which would go to show that it was not fairly and properly put upon him, and that if he fails to do so, the objection is waived and can not thereafter be made a ground of a motion for new trial." *Williams* v. *State,* 210 *Ga.* 665, 667 (82 S. E. 2d 217), and cases cited.

In *Crumb* v. *State,* 205 *Ga.* 657 (54 S. E. 2d 639), and *Avery* v. *State,* 209 *Ga.* 116 (70 S. E. 2d 716) (reversed by the Supreme Court of the United States, Avery *v.* Georgia, 345 U. S. 559, 73 S. Ct. 891, 97 L. Ed. 1244), objections similar to those sought to be raised in the present case were timely and properly made.

Under the Constitution of this State (Art. VI, Sec. II, Par. IV; Code, Ann., § 2-3704), the Supreme Court is a court "for the trial and correction of errors of law." It not appearing that any error of law was committed, the judgment dismissing the extraordinary motion for new trial is

*Affirmed. All the Justices concur.*